<hr />

(June 6, 1903.)

# PHILLIPS v. SALMON RIVER MINING AND DEVELOPMENT COMPANY.

[72 Pac. 886.]

LABORER'S LIEN—DESCRIPTION OF PROPERTY IN.

    1. Where work is being done upon a group of placer mining claims owned by the same person or corporation and said claims are commonly known as the "Salem Bar mine," and one does work

thereon and thereafter, files his claim of lien and in such claim said mines are designated as the "Salem Bar mines," with a description of the place of location of said mines, such description is sufficient.

2. The provisions of our lien laws must be liberally construed with a view to effect their objects and promote justice.

3. Where the question is presented in the foreclosure of a lien on a group of mines, whether such mines were commonly known by the name given them in the claim of lien, it is error to reject evidence tending to prove that issue.

4. Under the provisions of section 7 (lien laws), Session Laws of 1899, page 148, when work is done upon two or more mining claims owned by the same person, the only effect of failing to specify in the claim of lien the amount due on each claim is to postpone such lien to other liens filed against them.

5. Under the provisions of section 4802, Revised Statutes, any party to an action aggrieved by the judgment may appeal.

(Syllabus by the court.)

APPEAL from District Court of Nez Perce County.  Honorable Edgar C. Steele, Judge.

Action to foreclose a laborer's lien.  Judgment for plaintiff. Modified.

Needham & Walker, for Appellant.

The court cites the same authorities on the point decided in the opinion as cited by appellants.

Poe & Anderson and I. N. Smith, for Respondent, cite no authorities upon the point decided.

SULLIVAN, C. J.—This is an action to foreclose a laborer's lien upon certain placer mining property.  The court found that the labor had been performed, as alleged in the complaint, and entered judgment for the full amount prayed for, but found that appellant had no lien against the placer mining claims described in the findings, for the reason that the description of said claims in the claim of lien was not a sufficient description to support a foreclosure of said claim for a lien.

The mining claims are described in the claim for a lien as follows, to wit: "The mining claim known as the 'Salem Bar,' situated on the Idaho side of the main channel of the Snake

river, one-half mile north or down the river from the mouth of the Grande Ronde, in Nez Perce county, Idaho." Then follows a description of the machinery and other property situated on said mining claim on which a lien is claimed.

The insufficiency of the evidence to sustain the above-quoted finding of the court is assigned as error. It appears that the "Salem Bar" mine was composed of three placer mining claims situated on what is known as "Salem Bar" in Snake river. And it appears from the testimony of the appellant that said claims were known by the name of the "Salem Bar mine."

Edwards, a witness for appellant, testified that the mine was commonly called the "Salem Bar."

Fitzvaughn, a witness for appellant, testified that he had worked on said mine and that he always called it the "Salem Bar," for the reason that he never heard it called anything else, and that the goods sent up on the boat always came billed to "Salem Bar."

Kelsey, manager of respondent, testified that he made a verbal agreement with appellant sometime in the fall of 1900 to go to work on the mine, and he went to work on the Salem Bar as engineer. That contract is the one mentioned in the lien. The court excludes some evidence offered to show that said placer mining claims were commonly known as the "Salem Bar mine."

It was error to reject any evidence tending to show that said mining claims were commonly called or known as the "Salem Bar" mine. However, the evidence admitted is amply sufficient to show that said placer claims were commonly known as the "Salem Bar mine," and the court should have so found.

All of the provisions of our mechanic's and laborer's lien law, as well as all other statutes, must be liberally construed with a view to effect their objects and to promote justice. (Rev. Stats. 1887, sec. 4; *Tredinnick et al. v. Red Cloud Cons. Min. Co.,* 72 Cal. 78, 13 Pac. 152.)

Said three mining claims were being worked as one mine. And we think under the evidence, appellant is entitled to a lien upon all of them, and the court erred in refusing to enter a decree foreclosing said claim of lien. (See *Hamilton v. Delhi Min. Co.,* 118 Cal. 148, 50 Pac. 378.)

It is contended by counsel for respondent that under the provisions of section 7 (lien laws), at page 148, Session Laws of 1899, as the respondent corporation owned three mining claims and the claim of lien is filed against all of them, and does not specify the amount due him on each claim, it is void for that reason. Said section provides, in such cases, that the only effect is to postpone such lien to other liens, and does not declare the lien void for that reason. There is nothing in that contention.

It is also contended that the statutes of Idaho do not provide for an appeal from a part of a judgment. To that contention we reply that this appeal is from the whole of said judgment, not a part of it.

It is also contended that a party in whose favor judgment has been rendered cannot appeal therefrom; that his remedy is by writ of error.

In the case at bar the plaintiff recovered judgment for only part of what he prayed for in his complaint, and was aggrieved because the court refused to hold his lien valid and enter a decree foreclosing it.

Section 4802, Revised Statutes, provides that any party aggrieved may appeal. The cases cited by counsel in support of said contention are not in point, as they are not under a statute like that above cited. If any of them were we would not feel inclined to follow them. Other points raised by counsel for respondents have been considered and found not to be well taken.

Also a number of points are discussed in the briefs of counsel for respondent that are not raised by appellant. And as no appeal, cross or otherwise, has been taken by respondent, it would not be proper for us at this time to pass upon said points.

The judgment and findings of the trial court must be modified and the cause remanded for further proceedings in accordance with the views expressed in this opinion.

Costs are awarded to appellant.

Stockslager and Ailshie, JJ., concur.