(April 30, 1904.)

## PHILLIPS v. SALMON M. & D. CO.

[76 Pac. 1128.]

APPEAL from District Court, Nez Perce County. Honorable E. C. Steele, Judge.

Daniel Needham, for Respondent.

After the *remittitur* was sent down and filed in the district court, said district court did on the eighth day of December, 1903, make and render its modified findings and modified judgment in accordance with the views expressed in said opinion, and the same was duly filed and entered of record on the eighth day of December, 1903, in which modified findings the court found "that due claim for lien was filed for record as required by law in the office of recorder of said Nez Perce county on the sixth day of June, 1901, and thereafter, on the same day, was duly recorded in said office in book one (1) of liens at page 303," 2 findings of fact, and as a conclusion of law that the plaintiff is entitled to a foreclosure of his lien on said mine, and made its modified judgment in accordance with said decision, from which judgment the appeal in this case is taken. We maintain that the modified judgment and findings so made and entered by the district court, after *remittitur*, are in accordance with the views expressed in the opinion of this honorable court, and is in fact the judgment of this court from which an appeal will not lie. In support of this contention and our motion to dismiss, we cite the following authorities: *Hall v. Blackman et al., ante,* p. 555, 75 Pac. 608; *Kimpton v. Jubilee Min. Co. et al.,* 22 Mont. 107, 55 Pac. 918; *Krantz v. Rio Grande Western Ry. Co.,* 13 Utah, 1, 43 Pac. 623, 32 L. R. A. 828; *Keller v. Lewis,* 56 Cal. 466; *Stewart v. Salmon,* 97 U. S. 361, 24 L. ed. 1044.

I. N. Smith, for Appellant.

The appellant, answering the brief of respondent on motion to dismiss the appeal from the judgment on *remittitur*, re-

spectfully directs attention to the following points and author-
ities: Point 1: Judgments are not permitted to be, and are not,
*res adjudicata* concerning questions not litigated therein.
Point 2: On appeal to the supreme court, the supreme court
is limited in its decisions to those matters necessarily involved
within the limits of the decree of the lower court, and to an
adjudication of the rights actually litigated, or which might
have been litigated *between the parties.* Point 3: There is
a vast distinction between matters which are *res adjudicata,*
as between the parties, and those which are *res inter alios acta,*
and also those things which were never involved in the con-
troversy. (*Hall v. Blackman, ante,* p. 555, 75 Pac. 608.) The
persons between whom a judgment or decree in a suit is con-
clusive in a subsequent suit are the parties to the prior suit
and their privies, and as a general rule it is conclusive only
between them. The mere fact that a person had an interest
in the subject matter of the prior suit will not render the judg-
ment or decree therein conclusive upon him. (24 Am. & Eng.
Ency. of Law, 2d ed., cases collated, pp. 725-729.) A
judgment is not *res adjudicata* as to a question not appearing
upon the face of the record, or shown by extrinsic evidence to
have been determined in the action. If there be any uncer-
tainty as to the precise issue involved and determined in the
action, as for example, if it appear that several distinct mat-
ters were litigated, upon any one or more of which the judg-
ment may have turned, the whole matter of the action will be
at large and open to subsequent controversy. (24 Am. & Eng.
Ency. of Law, 2d ed., pp. 773-775.)

SULLIVAN, C. J.—This is a motion to dismiss an appeal
on the ground that the judgment entered by the trial court
was in conformity with the opinion and mandate of this court
in the same case reported in *ante,* p. 149, 72 Pac. 886. On
the authority of the *Idaho Comstock M. & M. Co. v. Lundstrum,
post,* p. 785, 76 Pac. 762, the motion to dismiss this appeal is
granted with costs in favor of the respondent.

Stockslager, J., concurs.

Ailshie, J., took no part in the decision.