(December 30, 1905.)

## KESTER v. SCHULDT.

[85 Pac. 974.]

PROMISSORY NOTES—CREATES LIEN WHEN—WHEN RIGHTS TO PERSONAL PROPERTY LITIGATED—INJUNCTION WHEN PROPER REMEDY.

1. A promissory note providing that the express condition of the sale and purchase of the goods for which the notes were given is such that the title, ownership or possession does not pass until the note and interest are paid in full, and that the payee has full power to declare the note due and take possession of goods at any time he may deem himself insecure, even before the specified maturity of the same, retains the ownership in the payee of the note.

2. Where it is shown that defendants in original suit filed an answer alleging title to the personal property in dispute in George H. Kester, and defendants were prevented from making such showing by evidence, such evidence being rejected on objection from counsel for plaintiff there and defendant here, it is not a bar to an action thereafter commenced by Kester against plaintiff in that action for the possession of such property, and to enjoin the sale thereof on the judgment in an original action.

3. An injunction will issue to restrain and enjoin the sheriff from selling personal property, where it is shown that the plaintiff has no plain, speedy and adequate remedy at law, or that the defendant is insolvent and not able to respond in damages.

(Syllabus by the court.)

APPEAL from District Court of Nez Perce County. Honorable E. C. Steele, Judge.

Action to enjoin the sheriff of Nez Perce county from selling certain personal property. Judgment for plaintiff, from which defendants appeal. Judgment affirmed.

The facts are stated in the opinion.

James E. Babb, for Appellant Schuldt.

Daniel Needham, for Appellant Phillips.

Whatever title and rights respondent had under and by reason of said agreement he waived them all by permitting property to be mortgaged, and standing by and permitting

said property to be sold under foreclosure proceedings and is now estopped to claim any title or interest under the same. (Pomeroy's Equity Jurisprudence, 3d ed., sec. 805.) Under the conditional sale note the vendor was to get all the property and full pay for same. Courts look with disfavor on such transactions. (*Henryford v. Davis*, 102 U. S. 243, 26 L. ed. 160; *Palmer v. Howard*, 72 Cal. 293, 1 Am. St. Rep. 60, and note, 13 Pac. 858.) All the other questions in this case were determined in the case of *Phillips v. Salmon River Min. Co.*, 9 Idaho, 149, 72 Pac. 886, and so often referred to in the case at bar, except the question as to whether plaintiff had or had not a plain, speedy and adequate remedy at law, and we maintain that he had a remedy at law under the statutes of this state, and that the temporary injunction should have been denied and should not have been made perpetual. (Ency. of Law, pp. 401, 402, 405, 406, par. 2; *Richards v. Kirkpatrick*, 53 Cal. 433; *Washington etc. R. R. Co. v. Coeur d'Alene etc. Co.*, 2 Idaho, 580, 21 Pac. 562; Pomeroy's Equity Jurisprudence, 3d ed., sec. 1361.)

I. N. Smith, for Respondent.

Conditional sale notes have been sustained in the following cases: *Harkness v. Russell*, 118 U. S. 663, 7 Sup. Ct. Rep. 51, 30 L. ed. 285; *Means Transfer Co. v. McKenzie*, 9 Idaho, 165, 73 Pac. 135; *Studebaker Bros. v. Mau*, 13 Wyo. 358, 80 Pac. 151; *Kidder v. Wittler-Corbin Machinery Co.*, 38 Wash. 179, 80 Pac. 301. The next point is, Was Kester a party to the case of *Phillips v. Salmon River Min. etc. Co.*, and were his rights adjudicated therein? The record affirmatively discloses that he was not a party and the findings of the court show that his rights were not adjudicated therein, nor was the question of ownership of the property litigated in that case. The principle that courts cannot adjudicate the rights of parties who are not directly before it, is fundamental. (*Gregory v. Stetson*, 133 U. S. 579, 10 Sup. Ct. Rep. 422, 33 L. ed. 792.) This is as applicable to courts exercising appellate jurisdiction, as to those whose jurisdiction is original. (*Terry v. Abraham*, 93 U. S. 38, 23 L. ed. 794; *Davis v. Mercantile Trust Co.*, 152

U. S. 590, 14 Sup. Ct. Rep. 693, 38 L. ed. 563; *Dodson v. Fletcher*, 78 Fed. 214, 24 C. C. A. 69.)

STOCKSLAGER, C. J.—This action involves the title and right of possession of certain property heretofore used on what is known as the "Salem Barr" mine. This mine is a placer property, and at the time the property in dispute was placed thereon was owned and operated by the Salmon River Mining and Development Company. It is alleged in the complaint that the Salmon River Mining and Development Company has no right, title or interest in or to said property, and that it was never owned by said Salmon River Mining and Development Company, and as a foundation for this allegation two promissory notes of $450 each, dated April 9, 1900, payable to George H. Kester, respondent herein, signed Salmon River Development Company, by its president and secretary, due July 11, 1900, with interest at the rate of one per cent per month. The two notes above referred to are what are termed conditional sale notes, and contained a description of the property in controversy alleged to have been sold as above indicated, except the seven hundred feet of pipe. On the twentieth day of August, 1902, $150 was paid on one of the notes, and on September 21, 1902, $100 was paid on the same note. The condition of the notes was that title to said property should remain and be in said Kester, and the ownership and right of possession thereof shall likewise remain and be in Kester until both were fully paid.

It is alleged in the eighth paragraph of the complaint that the "Salmon River Mining and Development Company" at no time ever complied with the conditions of said contracts, nor did they ever pay the purchase price of said machinery. The ninth allegation is "that the property last above hereinbefore described is now owned by the plaintiff by virtue of the foreclosure of the chattel mortgage heretofore existing upon said property, and the subsequent transfer of said property to this plaintiff, which transfer was made long prior to the levy on the order of sale above referred to."

Exhibit "D" purports to be a chattel mortgage given by the Salmon River Mining and Development Company, to the Lewiston National Bank, describing the property in dispute, save the seven hundred feet of pipe, and as an additional description says: "All piping, belts and belting and all tools, implements and appurtenances of property hereinbefore described, or used herewith." This mortgage was given to secure a promissory note for $300, dated March 28, 1901, due on demand, with interest after date at the rate of one per cent per month. It is then shown by the complaint that on the twenty-first day of May, 1903, respondent Schuldt, as sheriff, by virtue of an affidavit and notice of foreclosure, took possession of the property in dispute, which description includes seven hundred feet, sixteen inch gauge pipe. On the twenty-eighth day of May, 1903, as such sheriff, he sold said property to the highest bidder and realized from the proceeds of such sale, after paying all expenses, the sum of $100.35, and that he paid said sum of $100.35 to the Lewiston National Bank and received the following receipt:

"Lewiston, Idaho, May 29, 1903.

"Received from William Schuldt, sheriff, one hundred and 35/100 dollars, proceeds of sale in cause of Lewiston National Bank v. Salmon River Mining and Development Company.

"LEWISTON NATIONAL BANK.

"GEO. H. KESTER, Cashier."

Plaintiff claims the seven hundred feet of pipe by reason of the sale of this property to the First National Bank of Lewiston by the sheriff under the chattel mortgage, claiming that he bought the property from the bank after its purchase at the sale. The answer denies that plaintiff is the owner of the property in dispute, including the seven hundred feet of pipe. Avers that respondent Phillips, on the eighth day of December, 1903, secured a judgment and decree of foreclosure and sale against the Salmon River Mining and Development Company, for the sum of $699.30. Aver that the property levied upon by the sheriff was the property of the Salmon River Mining and Development Company. The answer then sets up affirmative defense by alleging the lien of respondent Phillips,

its record and judgment thereon, against the Salmon River Mining and Development Company, on the eighth day of December, 1903. It is alleged that the chattel mortgage given to the bank was subsequent to the filing of the lien of respondent Phillips, and hence subject to such lien. "That the pretended sale of said property under said pretended chattel mortgage was made subject to all liens on said property, as appears from the return of sale thereof." It is alleged in the affirmative answer that plaintiff in this action, being the cashier of the First National Bank of Lewiston, had notice of all the transactions between the Salmon River Mining and Development Company and the bank, and that he also had notice of the judgment rendered against the Salmon River Mining and Development Company in favor of respondent Phillips, and on information and belief alleges that on the twenty-second day of January, 1904, a motion to modify said modified decree was filed in the district court. Said motion was overruled and denied, and thereafter on the sixth day of April, 1904, an appeal from said order was taken to the supreme court, but was afterward abandoned, in which motion and appeal plaintiff Kester was in fact the moving party. (See *Phillips v. Salmon River Mining etc. Co.,* 9 Idaho, 149, 72 Pac. 886.) On these pleadings the case was tried and findings of fact and conclusions of law filed, upon which decree was entered in favor of the plaintiff. The second finding of fact is that on April 9, 1900, plaintiff, George H. Kester, was and now is the owner of that certain property described. (Then follows a description of all the property excepting the seven hundred feet of pipe.) "And that plaintiff is now and was at the time of the levy hereinafter complained of, the owner of seven hundred feet, more or less, of No. 16 gauge eight-inch pipe, all of which said personal property was then and now is situated in Nez Perce county, state of Idaho." The ninth finding, after setting out the mortgage and notes in full claim of lien of respondent Phillips, ends with the following clause: "Said chattel mortgage was foreclosed before the sheriff of Nez Perce county of the state of Idaho, by the affidavit and notice in due form to the property covered thereby,

last above described, and all property affected thereby was transferred to George H. Kester prior to the rendition of the said judgments and levy prior to the issuance of the order of sale.'' The twelfth finding is that the order of sale above set forth was issued in a case heretofore tried in the above-entitled court, wherein W. D. Phillips was plaintiff and the Salmon River Mining and Development Company was defendant, and in this cause the plaintiff was not shown as a party nor was he thereafter ordered to appear in said court, nor has he had his day in court, in relation to or in respect to said property, and that in the said cause wherein W. D. Phillips was plaintiff and the Salmon River Mining and Development Company was defendant, the question of the ownership of the personal property concerning which this action is instituted, was expressly ruled out and not litigated in said cause at the request of the attorney for the said W. D. Phillips. The fifteenth finding is that the Salmon River Mining and Development Company never complied with the terms and conditions of the conditional sale notes, and at no time did the Salmon River Mining and Development Company ever own any of said property described in said notes; that no part thereof nor the machinery or personal property affected by this cause were ever treated or regarded as real property or as fixtures to real property, nor were they ever fixtures to said mines, nor did the said property described in the conditional sale notes ever constitute part of the mining property described in the claim of W. D. Phillips against the Salmon River Mining and Development Company, nor was any work or labor done or claimed in said claim of lien ever done or claimed to be done in such manner as to give said W. D. Phillips a claim of lien on said machinery and personal property, other than such pretended claim of lien as might arise by reason of the fact that said machinery is claimed to have been affixed to the said mining claim as a part thereof.

As conclusions of law the court states that the said George H. Kester is entitled to the decree and judgment pending the injunction heretofore issued herein and awarding him costs in this cause. Much of the former history of the subject mat-

ter of this litigation will be found in *Phillips v. Salmon River Min. etc. Co.*, 9 Idaho, 149, 72 Pac. 886. It will be observed, however, that the questions before us in the case at bar were not litigated in that action. It is urged by counsel for appellant that the plaintiff in this action, through his attorney, I. N. Smith, asked to be entered as counsel for plaintiff herein in that action, and was granted leave to file an amended answer therein in which it was alleged, among other things, that "George H. Kester was the owner of all the machinery, etc., situated on and forming a part of the property upon which said claim of lien was filed." This fact does not seem to be denied, but the court finds that the question of the ownership of the property was not litigated in that action, for the reason that counsel for appellant objected to a consideration of that question in the trial of that cause and that the objection was sustained. So far as the record discloses, the facts of this case furnish the plaintiff the first opportunity he has ever had to litigate his right and title to the ownership and possession of the property, and it is so found by the court. The fact that respondent was the owner of the property in controversy, excepting the seven hundred feet of pipe, at the time he sold and delivered it to the Salmon River Mining and Development Company, taking as security therefor the two conditional sale notes, is not questioned. That these conditional notes retained the title of the property in plaintiff on the property sold. (See *Harkness v. Russell*, 118 U. S. 663, 7 Sup. Ct. Rep. 51, 30 L. ed. 285; *Means Transfer Co. v. MacKinzie*, 9 Idaho, 165, 73 Pac. 135; *Studebaker Bros. v. Mau*, 13 Wyo. 358, 80 Pac. 151.)

If it were shown by the record that by any act of the plaintiff in the former litigation of the property involved in this action, or by anything he said, appellant Phillips was misled or deceived as to the claim of Kester to the property in controversy, then we think this judgment would be erroneous, but it is shown that an answer in the original action of *Phillips v. Salmon River Min. etc. Co.*, was filed by defendants in which it was averred that plaintiff (Kester) was the owner of the property in dispute, and there attempted to litigate his claim

of title to the personal property, but was prevented from doing so by the plaintiff in that action, appellant here.

There are a number of disputed facts in the oral evidence, but the trial court finds for the plaintiff on the entire record, hence has passed upon the oral evidence in the light of other facts in the case, and we do not feel inclined to disturb that finding. We think the facts alleged in the complaint were sufficient to warrant the court in granting relief by injunction. The judgment is affirmed with costs to respondent.

Ailshie, J., concurs.

Sullivan, J., sat at the hearing but took no part in the decision.

### ON REHEARING.

#### (May 3, 1906.)

AILSHIE, J.—A rehearing was granted in this case and it was again argued at the March term. There seems to be some uncertainty as to the effect and extent of the perpetual injunction granted against the sale of the property levied on by the sheriff in the foreclosure proceedings of *Phillips v. Salmon River Min. etc. Co.,* 9 Idaho, 149, 72 Pac. 886. In order that there may be no misunderstanding or uncertainty as to the scope and extent of the decree, we will order and direct that it be so modified as to limit and restrict its application to the specific property described in the conditional sale notes held by respondent against the Salmon River Mining and Development Company and the seven hundred feet of sixteen-inch pipe claimed in addition thereto. In all other respects the judgment must be affirmed and the opinion of this court previously filed will stand as the opinion of the court.

There are two reasons why the judgment of the lower court must be affirmed as above indicated: 1. It is nowhere shown that the respondent ever consented to the Salmon River Mining and Development Company, or anyone else, attaching or affixing the personal property or machinery to the realty for the purpose of making it, in point of law, a fixture and therefore a part of the mine. On the other hand, the terms of the

conditional sale notes would, in the absence of other evidence, tend to disprove that theory. 2. It is nowhere shown by any evidence that would bind the respondent that he ever waived his right to reclaim the property or ever in any manner vested the title in the conditional vendee. If any one of the foregoing facts had been shown by competent evidence, we might hold as appellant contends, but in the absence of any such showing, we must affirm the judgment.

While the chattel mortgage through which respondent claims title to the seven hundred feet of piping was subsequent in point of time to the Phillips lien, still it does not appear from the record that the piping had become a fixture or a part of the realty in such manner as to be holden by the lien as against a chattel mortgage.

The case will be remanded to the trial court with directions to modify the decree as above indicated, and the costs of appeal will be divided equally between appellant and respondent.

Stockslager, C. J., concurs.

Sullivan, J., took no part in the decision.