(February 18, 1913.)

## JAMES B. McMAHON, Respondent, v. W. W. COOPER, Appellant.

[130 Pac. 456.]

INJUNCTION — COMPLAINT — EVIDENCE — SUFFICIENCY OF EVIDENCE — REVERSIBLE ERROR.

1. Where the complaint alleges, in an action to recover personal property, that the plaintiff is the owner and entitled to the possession of the property, and the defendant denies the allegations of the complaint, and the defendant claims the right to possession under a levy of execution in an action against a stranger to the present action, the complaint states a cause of action, and upon such complaint the plaintiff is entitled to a temporary injunction restraining the sale pending the trial of the case upon the merits.

2. Where the right of ownership and the possession of personal property is in issue, it is proper to admit evidence tending to show that the plaintiff purchased the property in dispute, and the location of the property, and the possession of such property, and the continued possession, and the right to the possession of the same.

3. The action of the trial court in refusing to pass upon the demurrer before the time the injunction was issued became immaterial for the reason that the injunction was thereafter dissolved and no appeal was taken from the action of the trial court in dissolving said injunction, and the complaint was sufficient to entitle the plaintiff to maintain the cause of action alleged in the complaint.

4. Where there is substantial evidence supporting the verdict and judgment rendered thereon, the verdict and judgment will be affirmed.

APPEAL from the District Court of the Fifth Judicial District for Bannock County. Hon. Alfred Budge, Judge.

Action for an injunction to restrain a sheriff's sale. *Affirmed.*

J. Ed. Smith, for Appellant.

The trial court erred in granting the injunction in this cause upon the complaint and without notice, as we claimed then, by our demurrer, that it failed to state any facts to justify a court in using its equity power of injunction. (22 Cyc. 930, footnote 40, and citations thereunder; *Elliott v. Sibley,* 101 Ala. 344, 13 So. 500; *Burnham v. San Francisco Fuse Mfg. Co.,* 76 Cal. 26, 17 Pac. 939; *Spann v. Sterns,* 18 Tex. 556; *Sloan v. Coolbaugh,* 10 Iowa, 31; *Lewis v. Wilson,* 17 N. Y. Supp. 128, 62 Hun, 622; 16 Cyc. 235; 27 Cent. Dig., tit. "Injunction," sec. 234; *Stanley v. Gadsby,* 10 Pet. (U. S.) 521, 9 L. ed. 518.)

An injunction will not be granted where there is an adequate remedy at law. (22 Cyc. 769, and authorities cited; *Irwin v. Exton,* 125 Cal. 622, 58 Pac. 257; *Mechanics' Foundry v. Ryall,* 62 Cal. 416; *Wells v. Wall,* 1 Or. 295; *Furth v. West Seattle,* 37 Wash. 387, 79 Pac. 936; *Morgan v. County Commrs.,* 4 Ida. 418, 39 Pac. 1118; *Kester v. Schuldt,* 11 Ida. 663, 85 Pac. 974; *Lawrence v. Times P. Co.,* 22 Wash. 482, 61 Pac. 166; *Marshall v. Homier,* 13 Okl. 264, 74 Pac. 368; *Weinreich v. Hensley,* 121 Cal. 647, 54 Pac. 254.)

Clark & Budge, for Respondent.

An injunction will lie against a sheriff restraining sale. (*Kindall v. Lincoln Hardware & Implement Co.,* 8 Ida. 664, 70 Pac. 1056; *Kester v. Schuldt,* 11 Ida. 663, 85 Pac. 974.)

STEWART, J.—This action was instituted in the district court by plaintiff against the defendant to enjoin the sale of certain personal property. The complaint alleges ownership and the right to possession of the property, and that the defendant, by virtue of an execution issued out of the probate court of Bingham county, wherein Claude Ferguson was plaintiff and one W. H. Mulligan defendant, levied upon said personal property to satisfy said execution, and threatens to sell said personal property, and will sell it, unless restrained.

The defendant in his answer denies the ownership of plain-

tiff, and denies that defendant levied upon said property without right, or without due and lawful authority.

Upon the issues thus presented by the pleadings the cause was tried and submitted to a jury, and under the instructions the sole question was submitted to the jury: Was the plaintiff the owner and entitled to the possession of the property at the time the defendant levied the execution and took possession of said property? The jury found for the plaintiff and judgment was rendered accordingly. A motion for a new trial was made in said cause and overruled, and this appeal is from the order overruling the motion for a new trial.

The record in this case shows that the motion for a new trial was upon all the statutory grounds, and was based upon affidavits, the statement of the case and the records and files in the action. In the notice of motion specifications of errors in law and evidence are set forth; there are fourteen specific errors of law assigned:

"1st. The court erred in granting and issuing the injunction upon the plaintiff's complaint, without notice to the defendant.

"2d. The court erred in refusing to hear and determine defendant's demurrer to the complaint of plaintiff at the time the injunction was dissolved, as requested to do by the defendant's attorney.

"3d. In making the order shortening the statutory time for defendant to appear and show cause why the so-called restraining order should not be made.

"4th. In making the so-called restraining order.

"5th. In setting the cause for trial before the defendant's demurrer was disposed of.

"6th. In overruling the defendant's demurrer after the jury was called to try the case.

"7th. In overruling the demurrer of the defendant to plaintiff's complaint.

"8th. In permitting any evidence of the plaintiff's purchase, possession or continued possession of the attached property sued for herein.

"9th. In permitting any evidence of such possession after the 17th day of February, 1911.

"10th. In proceeding to trial of the cause by a jury, without first disposing of the injunction, or so called restraining order.

"11th. In denying the defendant's motion for a nonsuit at the close of plaintiff's evidence.

"12th. In failing to read the two forms of verdict, on delivering them to the jury.

"13th. In permitting the jury to determine mixed questions of law and fact.

"14th. In rendering and entering judgment upon a complaint which failed to state a cause of action for an injunction."

Then follow the specifications of error in which it is claimed the evidence is insufficient to justify the verdict and the judgment of the court.

We will first consider the specifications of error of law occurring during the trial; many of them are in the main technical and in no way affect the right of either party, and have no bearing upon the real issue presented in the pleadings.

The action was brought for the purpose of securing an injunction restraining the sheriff from selling property belonging to the plaintiff and levied upon by the sheriff under an execution issued in a cause wherein a judgment had been rendered against one W. H. Mulligan, and under that execution the sheriff was threatening to sell the property claimed in this action to belong to this plaintiff. The complaint alleged that the plaintiff was the owner and entitled to the possession of the property in controversy. The defendant, the sheriff, denied the plaintiff's ownership, and alleged the right to possession under the levy of execution. The right of possession was the issue made by the pleadings, and it was the only question submitted to the jury and the only question determined by them. The complaint stated a cause of action.

From the showing made in this case, the plaintiff was entitled to a temporary injunction restraining the sheriff from

selling the property pending the trial of the case upon the merits. The property was seized as the property of another, and the plaintiff certainly had a right to ask for a restraining order to prevent the sale of his property upon an execution against another party. (*Kindall v. Lincoln Hardware & Implement Co.,* 8 Ida. 664, 70 Pac. 1056; *Kester v. Schuldt,* 11 Ida. 663, 85 Pac. 974.)

The trial court did not err in admitting evidence showing the plaintiff's purchase of said property and the location of the property and the taking possession of such property and the continued possession of the same, and his right to the possession as alleged in the complaint.

It is assigned as error that the trial court erred in granting a temporary injunction in said cause upon the complaint. This error is immaterial, for the court dissolved said injunction within a few days after it was granted, and no injury resulted so far as the record is concerned to the defendant.

The trial court did not commit such an error as would justify this court in reversing this case, in his action in refusing to pass upon the demurrer before the time the injunction was issued, for the reason that the injunction was thereafter dissolved and no appeal was taken from the action of the trial court in dissolving said injunction, and the complaint was sufficient to e. 'le the plaintiff to maintain the cause of action alleged in the complaint.

Neither did the court err in denying the motion for a nonsuit at the close of the plaintiff's case. The evidence upon the close of the plaintiff's case made a *prima facie* case, and a motion for a nonsuit should have been denied.

The other assignments of error occurring at the trial we do not deem of such a character as to require any discussion.

The next error presented upon this appeal is, that the evidence is insufficient to justify the verdict and the judgment of the trial court. The argument is that the evidence in this case does not show a sale made by Mulligan to the plaintiff, or that there was an immediate delivery of the property alleged to be sold and the continuous possession of said prop-

erty thereafter. Upon this question, after a careful examination of the evidence, it is apparent that the evidence is somewhat conflicting as to the sale and also as to the immediate delivery and the continued possession of the property thereafter under the bill of sale dated February 2, 1911, given by W. H. Mulligan, from whom the plaintiff purchased said property, but the jury has found upon this question, and there is substantial evidence supporting the verdict and the judgment rendered thereon. (*Simons v. Daly,* 9 Ida. 87, 72 Pac. 507; *Rapple v. Hughes,* 10 Ida. 338, 77 Pac. 722.)

In such a case this court will not disturb the judgment. The verdict is supported by the evidence and the verdict supports the judgment. The judgment is *affirmed.* Costs awarded to respondent.

Ailshie, C. J., and Sullivan, J., concur.