(No. 4665.   July 30, 1927.)

GEM STATE LUMBER COMPANY, a Corporation, Respondent, v. EDWARD CAMERON and MAUDE CAMERON, Husband and Wife, Appellants.

[258 Pac. 539.]

MECHANICS' LIENS—LACK OF IDENTIFYING PROPERTY IN DESCRIPTION—INSUFFICIENCY OF CLAIM OF LIEN.

Claim of lien on that certain building now on described lot does not contain a description sufficient for identification of the property to be charged, as required by C. S., sec. 7346, there being more than one building on the lot.

APPEAL from the District Court of the Fourth Judicial District, for Blaine County. Hon. H. F. Ensign, Judge.

Action to foreclose a mechanic's lien. Judgment for plaintiff. *Modified*.

W. A. Brodhead, for Appellants.

The claim of lien as filed and recorded is insufficient to support the plaintiff's claim against the interest of these answering defendants. (2 Jones on Liens, 2d ed., sec. 1397; *White v. Mullins*, 3 Ida. 434, 31 Pac. 801; *Steele v. Argentine Min. Co.*, 4 Ida. 505, 95 Am. St. 144, 42 Pac. 585; *Malter v. Falcon Min. Co.*, 18 Nev. 209, 2 Pac. 50; *Galveston Exhibition Assn. v. Perkins*, 80 Tex. 62, 15 S. W. 633; *Blattner v. Wadleigh*, 48 Kan. 290, 29 Pac. 165; *Wyman v. Quayles*, 9 Wyo. 326, 63 Pac. 988.)

If a lien may be enforced in this state upon a building separate from the land, then in this case the description on the building contained in the claim of lien is not sufficient for identification. (27 Cyc. 163; 2 Jones on Liens, 2d ed., secs. 1422, 1424; *Roose v. Billingsley & N. C. Co.*, 74 Iowa, 51, 36 N. W. 885.)

Publisher's Notes.

See Mechanics' Liens, 40 C. J., sec. 272, p. 225, n. 41.

In Idaho a materialman's lien cannot be enforced on the building separate and apart from the real estate. (2 Jones on Liens, 2d ed., secs. 1373, 1384; *Kellogg v. Little & Smythe Mfg. Co.*, 1 Wash. 407, 25 Pac. 461; *Front St. Cable Co. v. Johnson*, 2 Wash. 112, 25 Pac. 1084, 11 L. R. A. 693; *Keel v. Ingersol*, 27 Okl. 117, 111 Pac. 214; *Eccles Lumber Co. v. Martin*, 31 Utah, 241, 87 Pac. 713; *Toner v. Whybrew*, 50 Ind. App. 387, 98 N. E. 450; *Leaver v. Kilmer*, 71 N. J. L. 291, 59 Atl. 643.)

J. G. Hedrick, for Respondent.

"Every person who furnishes materials to be used in the construction of any building has a lien upon the same for the materials furnished." (C. S., secs. 7339, 7344.)

"Where a building is constructed in a permanent manner upon land it becomes a part thereof, but if it is constructed with a lien thereon, it becomes a part of such land subject to the lien." (*Linck v. Meikeljohn*, 2 Cal. App. 506, 84 Pac. 309; *Humboldt Lumber Co. v. Crisp*, 146 Cal. 686, 106 Am. St. 75, 81 Pac. 31; *Stritzel-Spaberg Lumber Co. v. Edwards*, 50 Mont. 49, 144 Pac. 772; *Morrow v. Dahl*, 66 Mont. 251, 213 Pac. 602.)

"It was the intent of the mechanic's lien law to grant an absolute lien upon the property, to persons who perform labor or furnish materials to be used in the building or improving such structure.

"The purpose of such statute is to compensate a man who furnishes materials to be used in the construction, alteration or repair of a building or structure." (*McGill v. McAdoo*, 35 Ida. 283, 206 Pac. 1057; *Stritzel-Spaberg Lumber Co. v. Edwards, supra.*)

BRINCK, Commissioner.—Plaintiff furnished material for the building of a granary upon land then in the possession of defendants Simpson, they being the vendees of the land under an executory contract of sale from defendants Cameron who held legal title. Plaintiff's contract was only with the Simpsons. After the building was erected, the

Simpsons made default in the payment of deferred instalments of the purchase price for the land and the Camerons terminated the contract. The plaintiff in due time, after the furnishing of the materials, filed for record a claim of lien upon the building and the land upon which it is situated for the amount owing it for the materials furnished and brought this action to foreclose the lien, making both the Simpsons and Camerons defendants. The Simpsons made no appearance and suffered a default to be entered, but the defendants Cameron defended upon the theory that no lien could be claimed against their interest in the property and also that the claim of lien was defective. It was conceded by the plaintiff at the trial that its evidence was not sufficient to authorize the fixing of the lien upon the land but that the lien could properly be allowed only upon the building. The trial court entered a judgment for the plaintiff against the Simpsons for the amount of plaintiff's claim, adjudging that the amount thereof constituted a lien upon the granary and ordered that the building be sold and the proceeds applied to the payment of the judgment. From the judgment the Camerons appealed.

Various errors are assigned but the only question necessary to consider is as to the sufficiency of the claim of lien filed, with respect to its description of the property sought to be charged. The claim recited "that the said claimant, as hereinafter mentioned, furnished and supplied materials to be used and which were actually used in construction of that certain building now upon that certain lot," etc., the land upon which the building was situated being fully described. The evidence shows that the granary was not the only building upon the property; and the claim of lien contained no other description than as above stated.

C. S., sec. 7346, provides that the claim of lien must contain among other things, "a description of the property to be charged with the lien, sufficient for its identification." That the claim of lien did not describe any particular building on the property or the building sought to be charged sufficiently for its identification seems too clear to require

discussion.  The rule in such cases is stated in 40 C. J. 225, as follows:

"When the lien can be enforced or is claimed only against the building, erection or improvement and not against the land on which it is situated, a description of such building, erection or improvement sufficiently definite and certain to enable the officer who may be called on to remove it from the premises to identify it from all other buildings, erections or improvements on the premises is indispensable to the obtention of the lien."

We think this rule sound and necessarily applicable under our statute; and it is so held under similar statutes.  (*Hydraulic Press Brick Co. v. Weidner,* 88 Mo. App. 17; *Roose v. Billingsley & N. C. Co.,* 74 Iowa, 51, 36 N. W. 885.)

We recommend that the cause be remanded, with directions to the trial court to modify the judgment by striking from it the provision granting a lien and directing a sale of the building, with costs to appellants.

Varian and McNaughton, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court and the judgment is modified by striking from it the provision granting a lien and directing a sale of the building, with costs awarded to appellants.