Points Decided.

(No. 4696.  February 23, 1928.)

## BOISE PAYETTE LUMBER COMPANY, a Corporation, Respondent, v. HEBER C. SHARP and VERA C. SHARP, His Wife, Defendants, and O. A. BYINGTON, Appellant.

[264 Pac. 665.]

Mechanics' Liens—Contract of Sale Providing for Improvements—Construction of Statutes.

1.  C. S., sec. 7339, giving lien on building for materials furnished for construction of building, whether furnished at instance of owner of building or his agent, and sec. 7344, providing that land on which building is constructed and convenient space about it is also subject to the lien, being enacted as parts of same act, must be construed *in pari materia,* in view of rule that lien laws must be liberally construed to effect their objects and promote justice.

2.  Where recorded contract for sale of land required vendees to construct barn thereon at a specified minimum price within one year, on penalty of forfeiture of their rights under the contract, vendees became vendor's "agents" for construction of the building within C. S., sec. 7339, authorizing lien for materials furnished for construction of building at instance of owner or his agent, and not only the building but vendor's interest in land covered thereby, with a convenient space about it, was subject to lien under sec. 7344.

Publisher's Note.

1.  See 18 R. C. L. 877; 25 R. C. L. 1060.

2.  Statutes giving liens for improvements made by agent, see notes in 23 L. R. A., N. S., 608; L. R. A. 1917D, 580.  Mechanics' liens upon building erected by vendee under contract of sale, see notes in 62 L. R. A. 380; L. R. A. 1917C, 1122.  Mechanic's lien on realty for improvements made with consent but not at expense of owner of realty, see notes in 11 Ann. Cas. 1082; 19 Ann. Cas. 734; Ann. Cas. 1916C, 1133; Ann. Cas. 1918C, 1019.  See, also, 18 R. C. L. 897.  Requiring another to make improvements upon land at his own expense as a consent by the owner which will subject his interest to a lien, see note in 11 L. R. A., N. S., 764.

See Mechanics' Liens, 40 C. J., sec. 9, p. 49, n. 38; sec. 11, p. 52, n. 61; sec. 113, p. 113, n. 4, p. 114, n. 7.
Statutes, 36 Cyc., p. 1147, n. 30.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. Geo. W. Edgington, Judge.

Action to foreclose materialman's lien. Judgment for plaintiff. *Affirmed.*

F. L. Soule, for Appellant.

The mere provision in a contract of sale of real estate whereby the vendee agrees to construct a building upon the premises purchased is not sufficient to bind the interest of the vendor in the real estate for liens for work done or materials furnished under the contract made therefor with the vendee. (*Breman v. Foreman*, 1 Ariz. 413, 25 Pac. 539; *Nicholson v. Smith*, 31 Ida. 544, 174 Pac. 1008; *St. Paul & T. Lbr. Co. v. Bolton*, 5 Wash. 763, 32 Pac. 787; *Cornell v. Barney*, 94 N. Y. 394; *Stetson Post Mill Co. v. Brown*, 21 Wash. 619, 75 Am. St. 862, 59 Pac. 507; *Northwestern Bridge Co. v. Tacoma Ship Bldg. Co.*, 36 Wash. 333, 78 Pac. 996; *Morrow v. Merritt*, 16 Utah, 412, 52 Pac. 667; *Pinkerton v. Le Beau*, 3 S. D. 440, 54 N. W. 97; *Fuller v. Detroit Loan & Building Co.*, 119 Mich. 71, 77 N. W. 642; *Getto v. Friend*, 46 Kan. 24, 26 Pac. 473; *Mahoning Park Co. v. Warren Home Dev. Co.*, 109 Ohio, 358, 142 N. E. 883.)

The laborer or materialman may not credit one person and then recover from another. (*Steele v. Argentine*, 4 Ida. 505, 42 Pac. 585.)

Geo. H. Lowe and Otto E. McCutcheon, for Respondent.

Where a contract obligates the vendee to erect buildings the contract constitutes the vendee the agent of the vendor in making the improvements and subjects the estate of the vendor to a lien for materials furnished. (18 R. C. L., sec. 25, p. 897; *Shaw v. Johnston*, 17 Ida. 676, 107 Pac. 399; *Gem State Lbr. Co. v. Sheldon*, 38 Ida. 651, 224 Pac. 79; *Oregon Lbr. & Fuel Co. v. Nolan*, 75 Or. 69, 143 Pac.

935, 146 Pac. 474; *Paulsen v. Manske*, 126 Ill. 72, 9 Am. St. 532, 18 N. E. 275; *Guiou v. Ryckman*, 77 Neb. 833, 124 Am. St. 887, 110 N. W. 759.)

As a general rule where the contract of purchase states that the purchaser shall erect certain buildings a lien will attach to and bind the interest of the vendor even though the vendee forfeit his contract. (18 R. C. L., sec. 25, p. 897; 27 Cyc. 61; *Belnap v. Condon*, 34 Utah, 213, 97 Pac. 111, 34 L. R. A., N. S., 601.)

Where the right to a lien is conferred by statute whenever materials have been furnished at the instance of the owner, a requirement in a contract of sale that the vendee build binds the vendor. (11 Ann. Cas., pp. 1086, 1087, note; *Shapleigh v. Hull*, 21 Colo. 419, 41 Pac. 1108; *Colorado Iron Works v. Taylor*, 12 Colo. App. 451, 55 Pac. 942; *Whitcomb v. Gans*, 90 Ark. 469, 119 S. W. 676.)

BUDGE, J.—On August 27, 1920, O. A. Byington, and wife entered into a written contract with Heber C. Sharp and wife for the sale to the latter of certain real estate situated in Fremont county, the consideration being $40,000, to be paid in deferred instalments, with interest payable semi-annually, covering a period of years. The Sharps went into possession. Among other covenants in the contract the vendees agreed to construct upon the premises described in the contract a barn, at a cost of not less than $2,000, within one year from the date of the contract, and to build a second barn at a like minimum cost within two years from the date of the contract. The vendees were the owners of certain lots in St. Anthony, and in connection with and as a part of the contract with the Byingtons, executed a warranty deed to the lots, said deed to be delivered to the St. Anthony Bank & Trust Company and held in escrow by said company subject to the agreement that the vendees would, within two years, sell the lots and build a house upon the premises contracted to be purchased, at a cost of $5,000, or in default thereof pay to the vendors the sum of $5,000 to be applied upon the purchase price of said prem-

ises, and upon the performance of either of these conditions the deed to the lots was to be returned to the vendees. Time was made the essence of the contract, and failure to make any payments of principal or interest, or to perform any of the conditions of the contract by the vendees, was to work a forfeiture thereof.

The vendees did not carry out the terms of the contract of sale, and on August 29, 1924, an agreement was entered into between the vendor O. A. Byington and Sharp and wife, wherein, among other things, it was stipulated that ''in consideration of the covenants hereinafter contained on the part and behalf of the respective parties hereto, the said contract of sale entered into between said parties above mentioned, on the 27th day of August, 1920, is hereby canceled and annulled, and the same is of no further force and effect. . . . . '' In consideration of the cancelation of said contract of sale Sharp and his wife agreed to execute, and did execute to appellant, Byington, a warranty deed to the lots in St. Anthony, and did also execute and deliver to appellant a quitclaim deed to the property described in the contract of sale, save and except such of the property as had been deeded by appellant to one Lloyd. Also, an agreement was reached with reference to water shares in the St. Anthony Union Canal Company and the right of Sharp and his wife to remain in possession of both the property which they had agreed to purchase and the lots, for a limited period, which part of the agreement is not material so far as the questions raised herein are concerned. It was further stipulated in the agreement of August 29, 1924, that Sharp and his wife were released and discharged by appellant from further liability under the terms of the contract of August 27, 1920.

Under the agreement entered into between the Sharps and appellant on August 27, 1920, and on September 30, 1921, respondent, Boise Payette Lumber Company, delivered to Sharps on the premises contracted to be purchased, building materials for the construction of one of the barns agreed to be

built by the vendees.    Final delivery of the materials was made
on November 29, 1921, the barn was constructed, and certain
payments were made on the materials.    However, the con-
tract between the vendees and the respondent, Boise Payette
Lumber Company, for payment of the materials going into
the barn, was not carried out, and a materialman's lien
was in due time and in proper form filed by respondent,
claiming a lien upon the building for the balance due for
material, in the sum of $1,610.65, and on the land upon
which the barn was constructed.    Thereafter this action was
brought by respondent against Sharp and his wife and
appellant, Byington, to foreclose the lien.    Sharp and wife
defaulted, and, after trial, judgment was entered in favor
of respondent foreclosing its lien upon the building and
directing its sale, and further providing that said lien
attached to the land upon which the building stood, together
with a convenient space about the same consisting in all of
47/100 acres.    Byington, the owner of the land, has ap-
pealed.

Appellant makes numerous assignments of error, which we
do not deem necessary to set out seriatim; such as we deem
material will be discussed hereinafter.

It is conceded by appellant that respondent has a lien
subject to foreclosure upon the building, but it is contended
that the right to such lien is restricted by the statute to the
building only, for the reason that appellant was the owner
of the fee.

The contract of sale provided, *inter alia,* that the vendees
agreed to build a barn upon the premises, at a cost of not
less than $2,000, within one year from the date of the
contract.    Time was made the essence and condition of the
contract.    Failure to perform any of the conditions of the
contract by the vendees worked a forfeiture thereof, with
the right on the part of the vendors to declare it terminated.

C. S., sec. 7339, provides, in part:

"Every person . . . . furnishing materials to be used in
the construction . . . . of any . . . . building . . . . has a

lien upon the same for the . . . . materials furnished, whether . . . . furnished at the instance of the owner of the building . . . . or his agent. . . . . ''

C. S., sec. 7344, provides, in part:

''The land upon which any building . . . . is constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof, to be determined by the court on rendering judgment, is also subject to the lien, if at the commencement of the work or of the furnishing of the material for the same, the land belonged to the person who caused said building . . . . to be constructed, but if such person owns less than a fee simple estate in such land, then only his interest therein is subject to such lien.''

[1] C. S., secs. 7339 and 7344, are parts of chap. 267 of the Compiled Statutes; they were enacted as parts of the same act, and must be construed *in pari materia*.

In approaching a construction of these statutes, attention may be called to the case of *Phillips v. Salmon River Min. etc. Co.*, 9 Ida. 149, 72 Pac. 886, wherein it was held:

''The provisions of our lien laws must be liberally construed with a view to effect their objects and promote justice.''

With this rule in mind, we are constrained not to apply the strict rule of construction contended for by appellant and sought to be invoked as to C. S., secs. 7339 and 7344. If, from the contract of sale of the real estate, appellant's vendees became his agents in the matter of the construction of the building, and if under the terms of the contract and under C. S., sec. 7344, appellant being the owner of the land, caused the building to be constructed, by invoking a liberal construction of our lien laws, both the building and the land are subject to respondent's lien.

[2] It may be conceded that in the absence of the contract respondent's lien would be limited to the building only, but if under the contract appellant's vendees became his agents, under C. S., sec. 7339, and if, under C. S., sec. 7344,

appellant, by his contract caused said building to be constructed, not only is the building subject to the lien, but the land upon which the building was constructed, together with a convenient space about the same or so much as may be required for its convenient use and occupation, would also be subject to the lien.

From a reading of the contract it will be observed that the construction of the building by appellant's vendees was a part of the consideration. In the contract appellant did not merely consent to its construction. Neither did he make it optional with his vendees to construct the building nor grant them the mere privilege of doing so, but by the terms of the contract the vendees were obligated to construct the building, at a minimum cost, within a specified time, upon penalty of forfeiture of their rights under the contract and of their title and interest in and to certain other real estate described in the contract.

Appellant was informed by his vendees that credit would not be extended to them to obtain the materials for the construction of the building,—he had refused to become personally liable for the cost of the material—and in that situation, and with the further understanding that the materials could not be obtained unless he consented to the recording of the contract of sale, he gave such consent and the contract was recorded and the materials furnished. The record further shows that the building is constructed largely of concrete, permanently attached to and has become a part of the realty, and that appellant knew the character and kind of building that was being constructed; and it would have no value independent of the land.

The rule would seem to be that where a contract for the sale of real estate obligates the purchaser, as under the facts of this case, to erect a building, the contract constitutes the vendee the agent of the vendor, and in such circumstances the vendor is the person who causes the building to be constructed, within the terms of the statute. (18 R. C. L., p. 897, sec. 25; 40 C. J., p. 113, sec. 113; *Hill v. Gill,* 40 Minn. 441, 42 N. W. 294; *Shapleigh v. Hull,* 21 Colo. 419,

41 Pac. 1108; *Colorado Iron Works v. Taylor*, 12 Colo. App. 451, 55 Pac. 942; *Hendrie & Bolthoff Mfg. Co. v. Holy Cross Gold M. & M. Co.*, 17 Colo. App. 341, 68 Pac. 785; *Jones v. Osborn*, 108 Iowa, 409, 79 N. W. 143.)

In the recent case of *Parker v. Northwestern Inv. Co.*, 44 Ida. 68, 255 Pac. 307, the following language is found in the course of the opinion:

"Granting that these improvements were to be made by the Northwestern Investment Company, it was not obligated so to do. It merely expressed its intention to do so, from the context of the contract, having appellant's permission. No time limit was specified within which these improvements should be made and their nature was left entirely to the discretion of the Northwestern Investment Company."

It was held in this case that there was no lien upon the land, but by the language quoted it is clear that the converse would be true where the purchaser is obligated to construct a building, a time limit is specified within which it must be built, and a minimum cost is fixed. There is a clear line of demarcation between cases construing statutes giving liens on the interest of the one causing the improvements to be made and those requesting the improvements to be made and those knowingly permitting the improvements to be made.

The rule is stated in 27 Cyc. 61, as follows:

"Where the contract of purchase stipulates that the purchaser shall erect certain buildings or make certain improvements the lien will attach to and bind the interest of the vendor, even though the vendee forfeit his contract."

In *Miller v. Davis*, 26 Colo. App. 483, 145 Pac. 714, it is said:

"Under the written agreement of purchase and sale, the vendees were not only permitted, but were required, to erect the very buildings for which the lien claimant furnished the materials. Under such conditions, it is settled law in this state that the interest of the vendor in the real estate,

as well as the interest of the vendee is subject to the lien of those furnishing material for the construction of the improvements under the contract of sale.''

To comply with the agreement entered into between appellant and his vendees it was necessary for the latter to procure the erection of the barn. Respondent furnished the material used in carrying out appellant's purpose. Appellant never parted with the legal or equitable title to the land upon which the barn was constructed, and now, after the construction of the barn in accordance with the agreement, and it having become a part of the realty, and after appellant's vendees have surrendered all of their rights under the contract to appellant, it would be a great injustice to deny respondent a lien upon the land on which the building was erected, as well as the building.

We think the evidence is sufficient to support the finding of the trial court for the amount of land necessary for the convenient use of the building.

The controlling and decisive question here presented is whether or not, as a matter of law, under the statutes hereinabove cited, the fee of appellant is subject to respondent's lien. Having reached the conclusion that it is, other assignments of error become immaterial.

From what has been said it follows that the judgment must be affirmed, and it is so ordered. Costs to respondent.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.