383 P.2d 591

**L. M. TURNBOO and Rodney Turnboo, Plaintiffs-Appellants,**

**v.**

**Lawrence KEELE, Al and James M. Fleishman, d/b/a Fleishman Lumber Company, John H. (Jack) Henley and Goldie E. Henley, husband and wife, and Walter D. Bennett and F. W. Bennett, individually and d/b/a F. W. Bennett & Son, Defendants-Respondents.**

**No. 9234.**

Supreme Court of Idaho.

July 10, 1963.

Hall & Rowett, Mountain Home, for respondents.

Allen R. Derr, Boise, for appellants.

KNUDSON, Chief Justice.

Appellants commenced this action to recover an amount allegedly due them for

cutting timber and to foreclose their logger's lien which was subscribed to and filed on November 16, 1960.

Neither the date of filing the original complaint nor the names of the parties defendant therein are disclosed by the record. The record does show that on April 17, 1961, respondents Jack Henley and Walter Bennett filed a motion to dismiss the action as to them alleging that the complaint failed to state a claim against them upon which relief could be granted. The motion was granted and appellants were authorized to file an amended complaint.

The amended complaint was filed September 26, 1961, wherein the parties designated as "Defendants-Respondents" in the title of this cause were named defendants.

On October 17, 1961, respondents John H. (Jack) Henley and Goldie E. Henley, husband and wife, and Walter D. Bennett and F. W. Bennett, individually and doing business as F. W. Bennett & Son, filed their motion to dismiss the action as to them upon the ground that the amended complaint failed to state a claim against them upon which relief could be granted. From an order granting said motion and dismissing the action as to said respondents, this appeal is taken. Defendants Lawrence Keele, Al and James Fleishman, doing business as Fleishman Lumber Co., are not parties to this appeal.

The record does not disclose in what respect the trial court considered the amended complaint to be deficient as to stating a claim against respondents upon which relief could be granted. We shall therefore assume that the claimed deficiencies discussed in respondents' brief constituted the basis for the court's action in granting the motion to dismiss.

Respondents correctly assert that appellants' right to the relief sought must be shown to be based on a valid logger's lien. Respondents challenge the validity of the claim of lien in several particulars, one of which is that the notice and claim of lien does not "contain a description of the property to be charged with the lien, sufficient for identification, with reasonable certainty." The description contained in the notice of lien is as follows:

" * * * claim a lien on logs being about 1,400,000 board feet in quantity, which were cut in Elmore County, Idaho, and are now lying in the woods where cut in Elmore County, Idaho, near the Camas Reservoir about 1,350,-000 board feet on property belonging to Jack Henley and about 50,000 board feet on property belonging to Walter Bennett, in Elmore County, State of Idaho, * * *."

In considering a contention challenging the sufficiency of compliance with statutory requisites, it should be kept in

mind that a substantial compliance in good faith meets such requirement; that the provisions of our lien statutes must be liberally construed in favor of the claimant with a view to effect their object and promote justice. Seafoam Mines Corp. v. Vaughn, 56 Idaho 342, 53 P.2d 1166; Phillips v. Salmon River Min. & Development Co., 9 Idaho 149, 72 P. 886; Dvbvig v. Willis, 59 Idaho 160, 82 P.2d 95.

■ The description of the property to be charged with the lien is required to be only such as will be "sufficient for identification." If there appears enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient.

. In Phillips v. Salmon River, etc. Co. (supra) it was held that a description of the mining claim contained in a notice of lien in the following language was sufficient:

"The mining claim known as the 'Salem Bar' situated on the Idaho side of the main channel of the Snake river one-half mile north, or down the river from the mouth of the Grande Ronde, in Nez Perce County, Idaho."

In White v. Constitution Min. & Mill. Co., 56 Idaho 403, 55 P.2d 152, this Court had under consideration a contention that the lien involved was invalid because the description used in the notice included property not subject to the lien and the Court stated:

"It does not appear that there was any fraudulent intent, nor that anyone was injured due to the fact that the lien claims may have included more property than necessary or property other than that actually subject to lien. The fact that the notice of a claim of lien or claim or statement describes or includes more than the party is entitled to a lien on does not invalidate nor defeat the lien as to the land or property properly subject thereto, if there is no fraudulent intent and no one is injured thereby, and it is for the court to determine, after hearing all the evidence in the case, what portion of the property shall be subject to the lien."

In the amended complaint here considered it is alleged that the labor and services were performed by appellants "with the full knowledge and acquiescence of defendants Bennett and defendants Henley" and that "all defendants were given actual notice of said statement of lien." This record shows that prior to the removal of logs from his property and for the purpose of indemnifying against appellants' claim of lien, respondent John H. (Jack) Henley posted a bond pursuant to the provisions of I.C. § 45–417.

■ In Union Lumber Co. v. Simon, 150 Cal. 751, 89 P. 1077, it is stated in substance

that where the controversy involves only the rights of the lien claimants and the owners "unless the description was such as to mislead the owner, any mere lack of accuracy therein is not available as a defense." It is also stated therein that "whether the description in any particular case is sufficient for identification is a question of fact to be determined by the jury or the court upon a consideration of the circumstances of that case." We conclude that the description in the notice constitutes substantial compliance with the statutory requirements when considered in connection with respondents' motion to dismiss.

Respondents argue that the notice of lien is defective in that it does not recite what species of timber the logs were cut from nor what, if any, marks of identification the logs bear. These contentions are without merit since the statute (I.C. § 45–407) does not require that the notice contain such recitals. (The identification of the logs is a matter of proof.) Appellants' notice of lien is substantially in the form mentioned in said statute.

■ Respondents also contend that appellants' lien specifies two periods of employment, the first of which ended on July 10, 1960, which was more than 60 days prior to the filing of the lien (November 16, 1960) and it is impossible to separate the lienable from the non-lienable portions. We do not agree with the construction respondents place upon the wording used. The following quoted portion of the notice of lien contains the statement referred to:

"That the said contract has been faithfully performed and full complied with on the part of said L. M. TURNBOO AND RODNEY TURNBOO, who performed labor upon and assisted in felling, limbing and topping said logs for the period of about five months, between the 30th day of May and the 10th day of July, 1960 and between the 25th day of August and the 5th day of November, 1960; and the rendition of said services was closed on the 5th day of November, 1960, * * *."

This language neither states nor implies that there were "two periods of employment". At the beginning of the paragraph it states "That *the said contract* * * *" which plainly refers to the employment agreement as being one contract. It also states that appellants "performed labor * * * for the period of about five months, * * *" which undoubtedly was intended to refer to the period between May 30 and November 5, 1960. The fact that appellants may have actually performed the work within the two periods mentioned in the notice does not establish that there were two separate employment agreements. A proper construction of the language used is that the agreement was a continuing one covering the two periods stated.

Respondents further contend that if appellants ever had a lien they lost it as to Goldie E. Henley, F. W. Bennett and F. W. Bennett & Son, since they were not made parties to the foreclosure action within the six months' period as provided by I.C. § 45–410. They cite Willes v. Palmer, 78 Idaho 104, 298 P.2d 972 in support of this contention.

The record does not disclose when the respective respondents were made parties to this action, however, it is stated in appellants' brief (page 2) that the respondents named in the next above paragraph were "added" by the filing of the amended complaint. In view of this statement we deem it proper to consider this contention of respondents.

Respondents have not filed their answer to either the original or amended complaint. They have not disclosed by any pleading what interest, if any, they or either of them claim in the property involved.

It is alleged in the amended complaint that appellants were employed by an authorized agent of defendants Fleishman and Fleishman Lumber Co., who were contract purchasers of the timber upon which the labor was performed. In answer to interrogatories submitted to Jack Henley, he stated that:

"On June 1, 1959, myself and my wife entered into a timber contract to sell the fir timber on the above-described land to J. M. Fleishman, doing business as Fleishman Lumber Company.

Also in answer to interrogatories submitted to Walter Bennett he stated that:

"I am a former partner in the partnership known as F. W. Bennett & Son, which formerly owned timber land in Elmore County, Idaho."

"The partnership of F. W. Bennett and Son had a contract with J. M. Fleishman covering timber land owned by it."

It is apparent that under the amended complaint appellants endeavored to bring in all parties known to them to have or claim some interest in the logs involved in an attempt to have all interested parties bound by the decree prayed for. I.C. § 5–313 provides in part as follows:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

See Idaho Irr. Co., Ltd. v. Dill, 25 Idaho 711, 139 P. 714; IRCP, Rules 19(a), 19(b) and 20(a). In Duggan v. Smith, 27 Wash. 702, 68 P. 356, wherein a lien was involved, the Court stated:

"The general rule is that all persons whom the claimant wishes to bind by the decree should be made defendants."

108

We repeat that the record does not disclose when the respective respondents were made parties to this action, however, undoubtedly some of them were named as defendants in the original complaint and it is clear that the granting of the dismissal as to them was in error. In Willes v. Palmer, supra, the dismissal of the action as to Mrs. Palmer did not take place until after trial was had and all facts had been established. It may happen that the law announced and followed in that case will prevent recovery against some of the parties made defendants in this action.

Upon the other hand the evidence may disclose that those who were not made parties within the six months' period mentioned in I.C. § 45–410 are nevertheless bound by the acts of other named defendants; the allegations of the amended complaint that the labor was performed with the full knowledge and acquiescence of respondents, and that they were given actual notice of the lien, must not be overlooked while considering the motion here involved.

■ A motion to dismiss the complaint because of a failure to state a claim upon which relief can be granted admits the facts alleged in the complaint and it should not be dismissed upon that ground unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Wackerli v. Martindale, 82 Idaho 400, 353 P.2d 782;

Williams v. Williams, 82 Idaho 451, 354 P. 2d 747.

■ We are satisfied that appellants' notice of lien substantially complies with statutory requirements and that the amended complaint does state facts constituting a claim against respondents and each of them.

The order granting the motion to dismiss is reversed and ordered vacated and the cause remanded with instructions to the trial court to reinstate the amended complaint as to respondents and grant them a reasonable time within which to file answers thereto.

Costs to appellants.

McQUADE, McFADDEN, TAYLOR and SMITH, JJ., concur.