**In the Matter of LURGI–KNOST, INC., a/d/b/a Crown Builders, Chemical & Industrial Supply and Process Insulators, Bankrupt.**

**No. BK–73–081.**

United States District Court,
M. D. Louisiana.

Aug. 13, 1974.

Jerry L. Saporito, Metairie, La., for appellant.

Erwin A. LaRose, Baton Rouge, La., for appellee.

E. GORDON WEST, District Judge.

This is an appeal from an order of the Bankruptcy Judge holding invalid a materialman's lien claimed by Eckco Fabricators, Inc. against the plant property of Enjay Chemical Company (now Exxon), in Baton Rouge, Louisiana. The suit grows out of the bankruptcy proceeding entitled "In the Matter of Lurgi-Knost, Inc., a/d/b/a Crown Builders, Chemical & Industrial Supply and Process Insulators." The facts are undisputed. Eckco Fabricators sold certain materials, principally carbon steel pipe and fittings, to Lurgi-Knost for use in construction of certain additions to the Enjay Chemical Company plant. Lurgi-Knost was performing the work for Enjay. There was no written or recorded contract between Enjay and Lurgi-Knost. Lurgi-Knost became a bankrupt, and at the time of filing its petition in bankruptcy, it owed Eckco $3,230.16 for the materials furnished for the Enjay job. The day before the petition in bankruptcy was filed, Eckco filed, in the office of the Clerk and Recorder for the Parish of East Baton Rouge, Louisiana, what purported to be a lien affidavit for the purpose of establishing itself as a preferred lien creditor. During the bankruptcy proceedings, the Trustee in Bankruptcy filed a petition seeking the cancellation of Eckco's purported lien on the ground that the affidavit filed by Eckco was not sufficiently explicit to create a lien under the Louisiana lien statutes. After hearing, the Bankruptcy Judge, on July 6, 1973, held that the affidavit filed by Eckco was defective and that the recordation of the lien should be cancelled. Thereafter, the Bankruptcy Judge, on his own motion, held a rehearing on this matter, and in a well reasoned opinion, dated October 16, 1973, and filed in the record of this case, reaffirmed his prior decision holding the lien to be invalid. This appeal followed. Now, after careful consideration of this record, and the exhaustive briefs filed by counsel, this Court affirms the decision of the Bankruptcy Judge.

The attack upon Eckco's lien affidavit is grounded upon the contention that it does not adequately describe the property upon which the lien is claimed. The materialman's right to a lien is created by La.R.S. 9:4801, which provides, in pertinent part, that a "* * * furnisher of material * * * has a privilege for the payment in principal and interest of such * * * materials * * * furnished, and for the cost of recording such privilege, upon the land and improvements on which the work or labor has been done, or the materials, * * * furnished." The method by which this lien is preserved is provided for by La.R.S. 9:4812, as follows:

"* * * any person furnishing service or material or performing any labor on the said building or other work may record in the office of the clerk of court or recorder of mortgages in the parish in which the said work is being done or has been done, an affidavit of his claim, which recordation, if done within sixty days after the date of the affidavit of completion or if no affidavit of completion is filed within sixty days after the date of the last delivery of all material upon the said property or the last furnishing of services or the last performance of labor upon the same, by the said furnisher of material or services or the said laborer, shall preserve a privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have furnished service or material or performed any labor in

connection with the said work or improvement, as his interest may appear. The said claim, recorded as aforesaid, shall preserve a privilege against the property for a period of one year from the date of its recordation, and may be enforced by a civil action in any court of competent jurisdiction in the parish in which the land is situated and such cause of action shall prescribe within one year from the date of the recordation of the claim in the mortgage records of the office of the clerk of court or the office of the recorder of mortgages. The effect of the recordation of the claim shall cease and the privilege preserved by the recordation shall perempt unless a notice of filing of a suit (giving the name of the court, the title and number of the proceedings, and date of filing, a description of the property and a reference to the recorded claim), on said claim is recorded within one year from the date of the recordation of the inscription of said claim. Such notice of filing suit shall preserve the privilege until the court in which the suit is filed shall order the cancellation of the said inscription of the said claim and the notice of the filing of suit on said claim or until the claimant authorizes the clerk of court or recorder of mortgages to cancel the said inscriptions."

The lien affidavit filed by Eckco, after setting forth the amount claimed to be due, simply stated:

"That this account represents building materials, principally carbon steel pipe and fittings sold and delivered to the said Lurgi-Knost, Inc., contractor, and Enjay Chemical Co., for use in and were actually used in the construction of additions at the plant site described as follows, to-wit:

"Enjay Chemical Co., Baton Rouge, Louisiana.

"This affidavit is made for the purpose of preserving the lien and privilege granted by law to Eckco Fabricators, Inc., on the buildings and grounds above described and with full reservation of its rights to assert its claim for personal liability for the aforesaid sum against the Enjay Chemical Co.; that said debt, plus the cost of filing this affidavit, is passed due, owing and unpaid and all just credits have been allowed."

The only question presented here is whether or not this affidavit adequately describes the property on which the lien is asserted. We must conclude that it does not. While at first blush a reading of the above quoted excerpt from R.S. 9:4812 might seem to require a description of the property only in a notice of a suit filed on the claim, and not in the affidavit originally filed to establish the lien, a close reading of the statute does not justify that conclusion. Since the filing of the affidavit "shall preserve a privilege upon the building or other structure and upon the land upon which it is situated," it necessarily follows that if the filing of the affidavit is to be notice to third parties of the claimed lien, "the building or other structure and * * * the land upon which it is situated" must be clearly set forth in the affidavit. To omit these descriptions, or to give inadequate descriptions, would make it impossible for third parties to know what property is subject to the lien. When the statute then specifically provides for preservation of the lien beyond one year by the filing of a notice of lis pendens, and provides that such notice must contain a "description of the property" and "a reference to the recorded claim," it seems obvious that it is simply requiring that the notice of lis pendens contain the same specific description of the property upon which the lien is claimed as is required in the affidavit filed to initially assert the lien. It would make little sense to hold that a lien could be asserted and maintained on undescribed property when the purpose of the affidavit is to give notice to third parties that certain property is encumbered with a lien. In Julius Aaron & Son v. Keyser, et al, 2

La.App. 649 (1925), the Court properly held that the statement of claim should contain " * * * such a description of the property as will enable any one to identify it." Even though that case involved a statute which was a predecessor to the current lien statute, the same criteria should apply to the present statutory requirements of recorded liens. While Act 298 of 1926, as amended by Act 323 of 1938 and Act 405 of 1966 (La.R.S. 9:4812) repealed "all laws and parts of laws inconsistent with the provisions of this Act, as well as laws or parts of laws on the same subject matter, including all provisions of the Revised Civil Code of Louisiana inconsistent herewith," under the interpretation which this Court now places on La.R.S. 9:4812, Art. 3348 of the La.Revised Civil Code, which states in part that:

"In all cases of special privileges the property subject to such privileges' must also be described,"

is not inconsistent with the requirements of that statute. Thus, to be effective, the property upon which a lien is claimed must be sufficiently described in the affidavit to "enable. anyone to identify it."

Eckco contends that their affidavit *does* describe the property sufficiently to identify it. Neither the Bankruptcy Judge nor this Court agrees. As counsel for Eckco correctly states in his brief, the Enjay Chemical Company plant site in Baton Rouge " * * * is a huge tract of land probably acquired at different times and from many different people." He further states that "Eckco had never claimed a general privilege on all of Enjay's (now Exxon) property, but only a special privilege * * * on the plant site buildings and property on which it supplied materials." Eckco's counsel then states incorrectly, we believe, that "This special privilege bears against the entire plant site and its buildings and not just the two or three buildings that the materials were actually used in."

■ The statute grants the materialman a lien "upon the building or other structure and upon the land upon which it is situated, * * *." The lien rests only upon the building or structure for which the materials were supplied, and upon the land upon which that structure is situated. It does not rest upon all of the other buildings and structures owned by the owner nor upon all of the "huge tract of land, probably acquired [by the owner] at different times and from many different people." See McGill Corporation v. Dolese Concrete Company, et al, 201 So.2d 125 (La.App. 1st Cir. 1967); Eagle Star Insurance Co. v. Parker, 261 F.Supp. 257 (W.D.La.1965); Julius Aaron & Son v. Keyser, et al, supra.

■ Lien statutes, being in derogation of the common rights of owners and mortgagees, must be strictly construed and rigidly interpreted against the lienors and liberally construed in favor of third parties where common rights are thereby impinged upon. Pringle Associated Mortgage Corp. v. Eanes, 208 So. 2d 346 (La.App. 1st Cir. 1968); Courshon v. Mauroner-Craddock, Inc., 219 So.2d 258 (La.App. 1st Cir. 1968).

■ A strict construction of the lien statute here involved requires that the lien affidavit relied upon to assert the materialmen's lien must sufficiently describe the property upon which the lien is asserted to permit anyone to identify it, and the description used in the affidavit must be limited to a description of the particular building or buildings, or structure or structures for which materials were furnished and to the particular lot or parcel of ground upon which the buildings or structures are situated. Eckco's lien affidavit falls far short of this. As a matter of fact, there is nothing in this record to show that Enjay (Exxon) has only one plant site in Baton Rouge, Louisiana, and there is nothing in the lien affidavit to even vaguely indicate which building or structure and which lot or parcel of ground may be involved. As Eckco itself

states, the Enjay plant site is huge, and its buildings and structures are many, and Eckco has never claimed a general privilege on all of Enjay's property. Since Eckco, according to the brief filed by its counsel, claims a lien only on the "buildings and property on which it supplied materials," its lien affidavit is far too general to effectuate that lien.

For these reasons, the judgment and order of the Bankruptcy Judge dated July 6, 1973 pertaining to the lien of Eckco Fabricators, Inc. in the amount of $3,230.16, filed on March 19, 1973, as Original 65, Bundle 8302, in the office of the Clerk and Recorder for the Parish of East Baton Rouge, Louisiana, will be affirmed and this matter will be remanded to the Bankruptcy Court for further proceedings not inconsistent herewith.