587 P.2d 823

**CHIEF INDUSTRIES, INC., a corporation, Plaintiff-Appellant,**

v.

**Dean E. SCHWENDIMAN and Shirlene P. Schwendiman, husband and wife, Defendants-Respondents.**

**No. 12693.**

Supreme Court of Idaho.

Dec. 13, 1978.

Charles A. Homer of Holden, Holden, Kidwell, Hahn & Crapo, Idaho Falls, for plaintiff-appellant.

Gordon S. Thatcher of Rigby, Thatcher & Andrus, Rexburg, for defendants-respondents.

SHEPARD, Chief Justice.

This appeal is taken from a summary judgment entered against Chief Industries in an action brought by it to foreclose a materialman's lien.

The material facts are not in dispute. In November 1975, defendant-respondent Dean Schwendiman entered into a contract with W & W Sales and Service, Inc., which called for W & W to construct an all-steel building for fertilizer and grain storage on the Schwendiman property. During February 1976, plaintiff-appellant Chief Industries, at the request of W & W, delivered construction materials valued at approximately $28,000 to a location on the Schwendiman property. Shortly after the delivery of the materials, W & W abandoned the construction project and no building or structure of any kind was constructed or has been constructed with those materials. The record before us does not disclose the ultimate disposition of those building materials.

According to the contract between Schwendiman and W & W, periodic payments were to be made by Schwendiman to W & W, including $30,000 upon the delivery of the building materials. At the time W & W abandoned the construction project, Schwendiman had paid to W & W a total of $37,536.80. No direct contractual relationship existed between the Schwendimans and Chief Industries. Chief Industries failed to receive payment for the materials from W & W and filed and recorded a notice of claim of lien within the statutory time limitations in the amount of $28,000.

That notice of claim of lien recited that it had furnished materials "to be used in the construction of a building or structure situ-

ated upon the following described land . . ." The legal description covered 160 acres of ground, and further stated:

That this lien is claimed against the *above described building* together with the portion of the above described lot on which said building is constructed or situated, together with a convenient space about the same, or so much as may be required for convenient use and occupation thereof, to be determined by the Court on rendering judgment. (Emphasis supplied.)

Thereafter Chief Industries commenced this action by filing a complaint which sought not only foreclosure against the legally described premises, but also against the building supplies and materials. The Schwendimans sought summary judgment which was supported by an affidavit reciting most of the above noted facts and which also revealed that several buildings were situated on the land described in the notice of claim of lien, none of which had any relationship to the contract between Schwendiman and W & W. Following hearing thereon, the court held that the Schwendimans were entitled to summary judgment as a matter of law since a materialman's lien may not be foreclosed when the materials were not incorporated in a structure located on the land.

On appeal Chief Industries asserts: first, that the district court erred in holding that a materialman's lien may not be sustained where a construction project is abandoned after delivery of materials but before actual construction of any building or structure; second, that the descriptions contained in the notice of claim of lien were sufficient to give Chief Industries a lien on the materials furnished and on the land upon which the building was to have been constructed.

■ In Idaho materialman's liens are to be liberally construed so as to effect their objects and to promote justice. *Pierson v. Sewell*, 97 Idaho 38, 589 P.2d 590 (1975); *Ross v. Olson*, 95 Idaho 915, 523 P.2d 518 (1974); *Seafoam Mines Corp. v. Vaughn*, 56 Idaho 342, 53 P.2d 1166 (1936). However, it is clear that materialman's liens are crea-

tures of statute and statutory requirements must be substantially complied with in order to create a valid lien. *Pierson v. Sewell, supra; Ross v. Olson, supra; Boone v. P & B Logging Co.*, 88 Idaho 111, 397 P.2d 31 (1964). The notice of claim of a materialman's lien must contain "a description of the property to be charged with the lien, sufficient for identification." I.C. § 45–507. If the notice of claim of lien has a fatally defective description, there can be no valid lien and no foreclosure proceeding may be based on that notice of claim. *See Ross v. Olson, supra.*

■ Although Chief Industries' notice of claim of lien mentions the materials supplied in general terms, at no point does it specifically claim a lien against the materials or describe them adequately for identification and, therefore, no lien may be sustained against the materials. While the complaint does assert a right to foreclose on the materials, such does not rectify the deficiencies of the notice of claim of lien since a defective claim of lien may not be amended after the statutory period for filing the claim has expired. *Ross v. Olson, supra.*

■ The notice of claim of lien created no claim against the building for the obvious reason that no building then or thereafter existed. Lien statutes operate *in rem*, *Pierson v. Sewell, supra; Valley Lumber & Mfg. Co. v. Nickerson*, 13 Idaho 682, 93 P. 24 (1907), and therefore there must be a *res* to which the lien may attach. Further, the presence of other buildings on the Schwendimans' property renders the notice insufficient since it did not specify one building to the exclusion of the others. *Gem State Lumber Co. v. Cameron*, 44 Idaho 595, 258 P. 539 (1927); 52 A.L.R.2d 12.

■ The notice of claim of lien filed by Chief Industries describes some 160 acres of the Schwendimans' property. Under the facts presented here, that notice of claim is insufficient to support the lien sought to be foreclosed by plaintiffs-appellants. I.C. § 45–505, provides:

. . . The land upon which or in connection with which any professional serv-

ices are performed or any building, improvement or structure is constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof, to be determined by the court on rendering judgment, is also subject to the lien . . . .

It is not necessary that the lien claimant allege the amount of land required for the use of a building since the statute imposes the duty upon the court to ascertain the amount of land. *Dybvig v. Willis*, 59 Idaho 160, 82 P.2d 95 (1938). A lien is not invalid merely because the notice of claim of lien describes or includes more land than that to which the claimant is entitled. *White v. Constitution Min. & Mill. Co.*, 56 Idaho 403, 55 P.2d 152 (1936).

The area of land which is subject to the lien in a given case is largely dependent upon the character of the improvement. *Durfee v. Parker*, 90 Idaho 118, 410 P.2d 962 (1965). Thus, where a building is properly identified in the notice of claim of lien, a more general description of the land is sufficient, since the trial court has a reference point from which it may determine what land may be required for the convenient use of the building or structure. *Arkmo Lumber Co. v. Cantrell*, 159 Ark. 445, 252 S.W. 901 (1923). However, where there is no structure or one which has been inadequately identified, the notice of claim of lien must contain more particularized language in the description of the land in order to permit the court or interested third persons to identify the property against which the lien is asserted. *See Arkmo Lumber Co. v. Cantrell, supra; In re Lurgi-Knost, Inc.*, 380 F.Supp. 400 (M.D.La. 1974). Here, Chief Industries' notice of claim of lien failed to identify in any way that portion of the 160 acres upon which the building was to have been located and failed to identify in any way the portion of the 160 acres which constituted "a convenient space about the same, or so much as may be required for the convenient use and occupation thereof." I.C. § 45–505. Hence, we hold that the description of the real property in the notice of claim of lien is insufficient for identification of the property sought to be charged herein.

An additional, if not overriding, reason for failure of the lien here is the lack of incorporation of the building materials into a building or structure.

I.C. § 45–501 grants a right of lien to a materialman or laborer against a building, structure or other improvement.[1] I.C. § 45–505 also grants a lien upon the land upon which such a building or structure is situated.[2] I.C. §§ 45–501 & –505 must be

1. 45–501. Right to lien.—Every person performing labor upon, or furnishing materials to be used in the construction, alteration or repair of any mining claim, building, wharf, bridge, ditch, dike, flume, tunnel, fence, machinery, railroad, wagon road, aqueduct to create hydraulic power, or any other structure, or who grades, fills in, levels, surfaces or otherwise improves any land, or who performs labor in any mine or mining claim, and every professional engineer or licensed surveyor under contract who prepares or furnishes designs, plans, plats, maps, specifications, drawings, surveys, estimates of cost, on site observation or supervision, or who renders any other professional service whatsoever for which he is legally authorized to perform in connection with any land or building development or improvement, or to establish boundaries, has a lien upon the same for the work or labor done or professional services or materials furnished, whether done or furnished at the instance of the owner of the building or other improvement or his agent; and every contractor, subcontractor, architect, builder or any person having charge of any mining claim, or of the construction, alteration or repair, either in whole or in part, of any building or other improvement, as aforesaid, shall be held to be the agent of the owner for the purpose of this chapter: provided, that the lessee or lessees of any mining claim shall not be considered as the agent or agents of the owner under the provisions of this chapter.

2. 45–505. Land subject to lien.—The land upon which or in connection with which any professional services are performed or any building, improvement or structure is constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof, to be determined by the court on rendering judgment, is also subject to the lien, if, at the commencement of the furnishing of professional services or other work or of the furnishing of the material for the same, the land belonged to

construed *in pari materia. Boise Payette Lumber Co. v. Sharp*, 45 Idaho 611, 264 P. 665 (1928).

Idaho's materialmen's lien statutes appear to have been adopted from those of California. *Hendrix v. Gold Ridge Mines, Inc.*, 56 Idaho 326, 54 P.2d 254 (1936). The California courts have repeatedly held that under their statutes the lien upon the building or structure is the primary thing and the lien upon the land a mere incident to it. *E. g., English v. Olympic Auditorium*, 217 Cal. 631, 20 P.2d 946 (1933). *Accord, Pusey & Jones v. Pennsylvania Paper Mills*, 173 F. 634 (C.C.Pa.1909). We concur in such construction. The land upon which a lien may be asserted under I.C. § 45–505 is expressly referenced to and made dependent upon the location of the building, structure or improvement. *Durfee v. Parker, supra; Humboldt Lumber Mill Co. v. Crisp*, 146 Cal. 686, 81 P. 30 (1905). Therefore, a lien may not be acquired against the land if one cannot be acquired against the building, structure or other improvement. *English v. Olympic Auditorium, supra.*

As stated in *Chamberlain v. City of Lewiston*, 23 Idaho 154, 163, 129 P. 1069, 1071 (1912), statutes grant the right to claim a lien for "the value of the labor or material furnished *and* used in or about the construction, alteration or repair of the building, structure or other works." (Emphasis supplied.) *See also, State ex rel. Trojan Powder Co. v. Johnson Contract Co.*, 120 Or. 633, 253 P. 520 (1927). That right of lien is based on the theory that the claimant has, either by his labor or by the materials furnished and used, contributed to the construction or improvement of the property against which the lien is asserted. *Blake v. Crystalline Lime Co.*, 37 Idaho 637, 221 P. 1100 (1923). Hence, where the labor is not used or the materials are not incorporated into the building, structure or improvement, no lien on land or building results. *See* 39 A.L.R.2d 394; 53 Am.Jur.2d, Mechanics' Liens, § 95. However, as to the

theory of enhanced value in cases relating to labor liens upon mining properties, *see Thompson v. Wise Boy Mining & Milling Co.*, 9 Idaho 363, 74 P. 958 (1903).

Appellant argues a contrary result based on the theories expounded in *Chamberlain v. City of Lewiston, supra*, and *Idaho Lumber & Hardware Co. v. DiGiacomo*, 61 Idaho 383, 102 P.2d 637 (1936). We deem *Chamberlain v. City of Lewiston, supra*, clearly distinguishable from the case at bar. There the court made clear that where materials had been furnished and incorporated into a structure which was swept away by a flood, the property owner is not relieved nor is the statutory lien destroyed. In *DiGiacomo* the opinion of the court does not indicate whether the materials which were furnished and for which a lien was claimed were or were not incorporated into the structure. It is clear, however, that a claim for labor expended in the remodeling of the structure was actually paid. We do not overrule *DiGiacomo* nor the language therein relied upon by appellant. We construe the language of *DiGiacomo* to hold that when there is a furnishing of materials in the sense of delivery, a rebuttable presumption arises that such materials were actually incorporated into the structure or improvement. *Accord, Panhandle Pipe and Steel, Inc. v. Jesko*, 80 N.M. 457, 457 P.2d 705 (1969). Such is a widely accepted doctrine and is based upon the view that an undue burden would be placed upon a materialman if he were required to prove by direct evidence that each and every piece of supplied material had actually been incorporated into the structure or improvement. 39 A.L.R.2d 394; 53 Am. Jur.2d, Mechanics' Liens, § 403. Here, appellant Chief Industries concedes that the materials furnished were not incorporated into any building or improvement and that no building or improvement exists. It, therefore, cannot avail itself of the presumption.

the person who caused said professional services to be performed or said building, improvement or structure to be constructed, altered or

repaired, but if such person owns less than a fee simple estate in such land, then only his interest therein is subject to such lien.

The orders of the district court are affirmed. Costs to respondent.

McFADDEN, DONALDSON and BAKES, JJ., concur.

BISTLINE, Justice, specially concurring.

I do not disagree with the Court's conclusion that the description of materials was insufficient. *Ross v. Olson*, 95 Idaho 915, 523 P.2d 518 (1974), however, concerns the description of the real property upon which lien was claimed—not a description of the materials. Nor does there appear to be an Idaho case addressing the sufficiency of the description of personalty which may be subjected to a materialmen's lien, especially where the personalty has not been incorporated into the proposed but wholly unconstructed building. There are other cases which deal with the question of sufficiently identifying personal property. The application of *Pierce v. Langdon*, 3 Idaho 141, 28 P. 401 (1891), (a claim and delivery context) and *McConnell v. Langdon*, 3 Idaho 157, 28 P. 403 (1891), (a chattel mortgage foreclosure context) would require a holding here that merely describing materials as "materials" or "building materials" is insufficient.

I do not agree with the statement that "there must be a *res* to which the lien may attach," because it is my opinion that I.C. § 45–501 as written can and should be read as allowing a materialman, whose materials have been furnished to be used (but which are not used) a lien on those materials:

> Every person . . . furnishing materials *to be used* in the construction . . . of any . . . building . . . has a lien upon the same for the . . . materials furnished . . . .

I.C. § 45–501 (emphasis added.) The language of I.C. § 45–507 buttresses a construction that the lien may be claimed and foreclosed against the materials alone, if the materialman files for record

> a claim containing a statement of his demand, after deducting all just credits and offsets, with the name of the owner, or reputed owner, if known, and also the name of the person by whom he was employed or to whom he furnished the

materials, and also a description of the property to be charged with the lien, sufficient for identification . . . .

It is only where the claimant's materials have actually gone into the building that the lien can also attach to the real property upon which the building has been constructed. I.C. § 45–505.