684 P.2d 322

### TREASURE VALLEY PLUMBING AND HEATING, INC., Plaintiff-Appellant,

v.

### EARTH RESOURCES COMPANY, a corporation, Defendant-Respondent.

### No. 14491.

Court of Appeals of Idaho.

June 27, 1984.

Review Denied Aug. 17, 1984.

action to foreclose the lien. For reasons explained below, we reverse and remand.

In an appeal from a summary judgment, our task is to determine whether genuine issues of material fact exist and, if not, whether the prevailing party below was entitled to judgment as a matter of law. I.R.C.P. 56(c). Here, the material facts are not in dispute. Treasure Valley Plumbing and Heating, Inc., was engaged as a subcontractor to install plumbing equipment at the Delamar Silver Mine owned by Earth Resources Company. After completing the work without being paid by the general contractor, Treasure Valley timely filed a "Notice of Claim of Lien for Labor and Material" under title 45, chapter 5, Idaho Code. Treasure Valley later brought this action to foreclose its lien. As noted, the district court held the claim of lien invalid. The court also rejected a contention by Treasure Valley that even if the statutory lien were defective an "equitable" lien should be recognized. This appeal ensued. Because we uphold the claim of a statutory lien, we do not reach the question of an "equitable" lien.

James S. Underwood, Jr. and Dennis R. Petersen, Boise, for plaintiff-appellant. Dennis R. Petersen argued.

Claude V. Marcus, Marcus, Merrick & Montgomery, Boise, for defendant-respondent.

BURNETT, Judge.

The questions presented are whether a claim of lien filed by a laborer-materialman was properly verified and whether the claim adequately identified the subject property. In a summary judgment, the district court held notice of the claim deficient in both respects and dismissed an

## I

We first examine the notice of claim to determine whether it was adequately verified. Idaho Code § 45–507 requires such a notice to be "verified by the oath of the claimant, his agent or attorney, to the effect that the affiant believes the same to be just." This specific mandate goes beyond the general requirement that any document filed of record with the county recorder be acknowledged. *See* I.C. § 55–805.

Treasure Valley's notice of claim was signed for the corporation by "Gerald M. Hansen, President." Beneath this signature appeared the following certificates:

STATE OF IDAHO          )
                           ) ss.
County of Ada            )

Gerald M. Hansen, being first duly sworn on oath, deposes and says:

That he is the President of the above-named corporation, the claimant herein

and makes this verification for and on its behalf;

That he has read the foregoing NOTICE OF CLAIM OF LIEN FOR LABOR AND MATERIAL and knows the contents thereof and believes the same to be true and just.

/s/ _____
Gerald M. Hansen

STATE OF IDAHO )
) ss.
County of Ada )

On this 27th day of July, in the year, 1977, before me the undersigned, a notary public in and for said county, personally appeared, Gerald M. Hansen, known to me to be the president of the corporation that executed this document on behalf of said corporation and acknowledged to me that said corporation executed the same and did subscribe and swear to the same before me and in my presence.

/s/ _____
Notary Public in and
for the State of Idaho
Residing at Boise, Idaho
My Commission expires:
12–27–80

▮ The district court, without stating reasons in the record before us, ruled that the verification requirement had not been satisfied. In support of this ruling the property owner, Earth Resources, now contends that the certificates quoted above comprised only an acknowledgment, not a verification. The distinction between an acknowledgment and a verification is illustrated in *H.A.M.S. Co. v. Electrical Contractors of Alaska, Inc.*, 563 P.2d 258 (Alaska 1977). There the Alaska Supreme Court held that an acknowledgment does not substantially comply with the verification requirement imposed by a lien statute. However, in *H.A.M.S.* the notary public's certificate did not recite that the lien claimant had been sworn. Here, the president's certificate recites that an oath has been administered and states that the claim is believed to be true and just. The notary public's certificate contains not merely a corporate acknowledgment but also a state-

ment that the corporation's president "did subscribe and swear to" the lien claim before the notary.

A verification is a "[c]onfirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition." BLACK'S LAW DICTIONARY 1400 (rev. 5th ed. 1979). We hold that these certificates, taken together, constitute a verification. Consequently, they satisfy the requirement of I.C. § 45–507.

## II

We now consider the issue of whether the property description in the notice of claim was adequate. Idaho Code § 45–507 requires the notice to include a "description of the property to be charged with the lien, sufficient for identification." Treasure Valley's notice of claim stated that the lien was for

> labor ... provided and plumbing and piping materials and supplies furnished for a project known as the Delamar Silver Mine. The labor, materials, and supplies were used for the construction, alteration and repair of certain buildings, improvements, structures, pipeline and other mining and mineral processing systems on the following described lands, to wit: In the State of Idaho, County of Owyhee: Section Eight (8) of Township Five (5), South, Boise Meridian.

The district court ruled this description inadequate for two reasons: (1) it failed to identify the location of the property; (2) it failed to specify which parts of the property—that is, which buildings or other improvements—were subject to the lien. We will examine each point in turn.

## A

Our first inquiry is whether the property description was "sufficient for identification." The district court observed that the range number ordinarily found in a metes-and-bounds description did not appear in the notice of claim. However, that omission is not necessarily fatal. In *Turnboo v. Keele*, 86 Idaho 101, 105, 383 P.2d 591, 593 (1963), our Supreme Court held, "If there

appears enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient." In the instant case, Treasure Valley submitted two undisputed affidavits of individuals living in Owyhee County, stating that there is only one Delamar Silver Mine in the county; that it is located adjacent to the town of Delamar, approximately six miles east of Silver City; that its location is well known to county residents; and that the affiants could identify the Delamar Silver Mine to the exclusion of other mines in the county.

This record is similar to that presented to our Supreme Court in *Phillips v. Salmon River Mining & Development Co.*, 9 Idaho 149, 72 P. 886 (1903). There a laborer's claim of lien for work done on mining property was upheld even though the property was described simply as "the 'Salem Bar,' situated on the Idaho side of the main channel of the Snake River, one-half mile north or down the river from the mouth of the Grand Ronde, in Nez Perce county, Idaho." Two witnesses testified that the mine was commonly called the "Salem Bar." The Supreme Court eschewed a technical approach to property descriptions in notices of lien claims. The court declared that the lien statutes "must be liberally construed with a view to effect their objects and to promote justice." *Id.* at 151, 72 P. at 886. That declaration remains the policy of our state today—subject, of course, to the requirement that a lien claimant substantially comply with the statutes upon which his claim is based. *See Chief Industries, Inc. v. Schwendiman*, 99 Idaho 682, 587 P.2d 823 (1978).

■ Upon the uncontroverted record in this case, we hold that the district court erred by ruling that the location of the subject property had not been described adequately for identification. It is important to note that this is not a case where the property description was erroneous or ambiguous. The case of *Ross v. Olson*, 95 Idaho 915, 523 P.2d 518 (1974), holding an erroneous description to be fatally defec-

tive, is inapposite. There is no contention here that the property owner or anyone else interested in the property was misled by the description. Under such circumstances, the fact that a description could have been more precise does not take it out of substantial compliance with I.C. § 45–507. *Turnboo v. Keele, supra.*

### B

■ We now turn to the district court's ruling that the description was inadequate because it failed to identify which "buildings, improvements, structures, pipeline and other mining and mineral processing systems" the lien was claimed to cover. It is undisputed that a number of buildings and other improvements exist at the Delamar Silver Mine. When a lien claimant fails to specify the amount claimed against each of several buildings, our statutes do not provide that the claim is thereby rendered void. Rather, the lien is "postponed to other liens." I.C. § 45–508.

The case law in many jurisdictions allows a single lien claim to be made where labor and materials are supplied to different buildings under a single contract. *See generally* Annot., 15 A.L.R.3d 134 (1967). In *Phillips v. Salmon River, supra,* our Supreme Court held that a lien was not rendered ineffective against mining property for failure to distinguish among several mining claims. All of the claims in that case were owned by the same company. Similarly, in this case, it is not contended that the buildings and improvements in question at the Delamar Silver Mine are owned by any party other than Earth Resources. Moreover, the notice of claim refers to work not only on "buildings" but upon "structures, pipeline and other mining and mineral processing systems." It would exalt form over substance to hold that a notice of claim must describe with particularity each and every building, or other form of improvement where plumbing work was performed, at a mining project. This type of particularity might be appropriate in fashioning a lien foreclosure decree. Indeed, I.C. § 45–505 pro-

vides that the court in foreclosure proceedings shall determine the extent of property embraced by the lien. But we decline to mandate such precision in the notice of claim.

Earth Resources cites *Chief Industries, Inc. v. Schwendiman, supra,* in support of the contention that failure to identify particular buildings renders the notice of claim void. We do not read *Chief Industries* so broadly. In that case, a materialman recorded a notice stating that a lien was asserted against a "building" which never had been constructed. The notice made no claim of a lien against any materials not incorporated into a building. Noting that lien statutes operate *in rem,* the Supreme Court held that there was no *res* to which the claimed lien could attach. That unique problem does not confront us here. There is no contention that the buildings and improvements upon which Treasure Valley expended its materials and labor do not exist. Moreover, *Chief Industries* does not hold that a notice of lien claim is void if it is merely overbroad. To the contrary, the Supreme Court's opinion explicitly recognizes that a notice may include more property than the lien ultimately is determined to cover. 99 Idaho at 686, 587 P.2d at 827.

We conclude that Treasure Valley's notice of claim was not invalid for lack of a sufficient property description. The district court erred by entering summary judgment against the lien claim. Therefore, we reverse the judgment and remand this case for further proceedings consistent with our opinion. Costs to appellant, Treasure Valley. No attorney fees on appeal. *See Ivie v. Peck,* 94 Idaho 625, 495 P.2d 1110 (1972) (fee awards in lien foreclosure cases); *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979) (fee awards under I.C. § 12–121).

WALTERS, C.J., and SWANSTROM, J., concur.