41 P.3d 271

**CORNERSTONE BUILDERS, INC.; Cornerstone Custom Siding, Inc.; and Cornerstone Products, Inc., Appellants–Respondents on Appeal,**

v.

**Marty and Shellee McREYNOLDS; PNC Mortgage Corp. of America; and Alliance Title and Escrow Corp., Respondents–Appellants on Appeal.**

No. 26867.

Court of Appeals of Idaho.

Nov. 28, 2001.

Review Denied Feb. 28, 2002.

Meuleman Miller, Boise, for respondents-appellants on appeal. Jeffrey R. Sykes argued.

Howard, Ellsworth, Ipsen Perry, Boise, for appellants-respondents on appeal. Trevor L. Hart argued.

PERRY, Judge.

Marty and Shellee McReynolds, PNC Mortgage Corp. of America, and Alliance Title and Escrow Corp. (collectively "the McReynolds") appeal from the memorandum decision of the district court, reversing the magistrate's grant of summary judgment in favor of the McReynolds and vacating an award of costs and attorney fees. For the reasons set forth below, we reverse the district court's appellate decision and affirm the magistrate's order granting summary judgment in favor of the McReynolds. We also affirm the order awarding costs and fees to the McReynolds.

## I.

## BACKGROUND

During the spring of 1999, and pursuant to a contract with a third party, Cornerstone Builders, Inc., Cornerstone Custom Siding, Inc., and Cornerstone Products, Inc. (Cornerstone) provided labor and materials for the construction of improvements on a home owned by Marty and Shellee McReynolds. When Cornerstone did not receive timely payment for its work, it filed three claims of lien against the real property.

In the fall of 1999, another subcontractor who had also performed work on the same job filed suit to foreclose the claims of lien that it had filed. Cornerstone was named among the defendants in that action, and Cornerstone thereafter brought a cross-claim against the McReynolds to foreclose its claims of lien. Cornerstone and the McReynolds filed cross-motions for summary judgment on the sole issue of whether Cornerstone's claims of lien complied with the verification requirement of I.C. § 45-507. On February 1, 2000, the magistrate entered its order granting summary judgment in favor of the McReynolds. The magistrate concluded that Cornerstone's claim of lien did not strictly comply with the requirements of I.C. § 51-109(4) and therefore did not substantially comply with I.C. § 45-507. Pursuant to I.R.C.P. 54(b), Cornerstone filed a motion to certify the order as final, which the magistrate granted. The magistrate later issued another order awarding costs and fees to the McReynolds.

Cornerstone filed a timely notice of appeal. The district court ordered briefing, heard oral argument, and on August 7, 2000, entered its memorandum decision reversing the magistrate and vacating the award of costs and attorney fees. The district court reviewed the claims of lien and held that their wording substantially complied with I.C. § 45-507. The McReynolds appeal.

## II.

## STANDARD OF REVIEW

■ On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Hentges v. Hentges,* 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988). Summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled

to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.,* 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct.App.1986).

## III.

### ANALYSIS

The parties agree that the issue before this Court is purely a question of law regarding whether the language contained in Cornerstone's liens satisfies the verification requirement of I.C. § 45–507. Idaho Code Section 45–507 provides, in pertinent part:

> (1) Any person claiming a lien pursuant to the provisions of this chapter must file a claim for record with the county recorder for the county in which such property or some part thereof is situated.
>
> . . . .
>
> (4) Such claim must be verified by the oath of the claimant, his agent or attorney, to the effect that the affiant believes the same to be just.

In this case, Cornerstone purchased preprinted forms titled "Claim of Lien," which it filled out and filed with the county recorder. The forms began with the language:

> Before me, the undersigned Notary Public, personally appeared David Harp who duly sworn says . . .

The form concluded with an acknowledgment paragraph, which stated:

> State of Idaho
>
> County of Ada
>
> On May 6, 1999 before me,
>
> Appeared David Harp

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Space for the signature and seal of a notary public followed the acknowledgment.

The McReynolds contend that the requirements for a proper verification are set out in I.C. § 51–109(4).[1] That section requires, among other things, that a certificate of verification follow the maker's signature, indicate that the maker was sworn, and indicate that the maker swore to the truth of the statements therein. The McReynolds argue that Cornerstone's liens must strictly comply with the requirements of I.C. § 51–109(4) in order to satisfy the verification requirement of I.C. § 45–507. The McReynolds assert that there is no question that Cornerstone has failed to strictly comply with the requirements of I.C. § 51–109(4) and, therefore, its liens do not substantially comply with I.C. § 45–507. Cornerstone, on the other hand, contends that in order to be valid, its liens must only substantially comply with I.C. § 45–507. Cornerstone asserts that the language "duly sworn" at the beginning of the document, followed by the description of the lien debt, indicates that David Harp, who signed on behalf of Cornerstone, swore to the contents of the lien as true and just.

This Court has previously addressed the question of whether a mechanic's lien was properly verified. *In Treasure Valley Plumbing and Heating, Inc. v. Earth Re-*

---

1. Idaho Code Section 51–109(4) provides:

(4) A certificate of verification of an instrument shall follow the maker's signature and shall identify the notary public and certify that the maker personally appeared, was sworn, stated his authority for making the instrument, and averred the truth of the statements therein. For example, the verification of a corporate document by an officer of the corporation should be in substantially the following form:

"State of Idaho )

) ss

County of . . . . . )

I, . . . . . . . . . ., a notary public, do hereby certify that on this . . . . . day of . . . . . . . . . ., 19 . . ., personally appeared before me . . . . . . . . . ., who, being by me first duly sworn, declared that he is the . . . . . . . . . . of . . . . . . . . . ., that he signed the foregoing document as . . . . . . . . . . of the corporation, and that the statements therein contained are true."

. . . . . . . . . (official signature and seal)

*sources Co.*, 106 Idaho 920, 684 P.2d 322 (Ct.App.1984), the notice of claim was signed for the corporation by "Gerald M. Hansen, President." Beneath this signature appeared the following certificates:

STATE OF IDAHO )
               ) ss.
County of Ada )

Gerald M. Hansen, being first duly sworn on oath, deposes and says:

That he is the President of the above-named corporation, the claimant herein and makes this verification for and on its behalf;

That he has read the foregoing NOTICE OF CLAIM OF LIEN FOR LABOR AND MATERIAL and knows the contents thereof and believes the same to be true and just.

/s/_____

Gerald M. Hansen

STATE OF IDAHO )
               ) ss.
County of Ada )

On this 27th day of July, in the year, 1977, before me the undersigned, a notary public in and for said county, personally appeared, Gerald M. Hansen, known to me to be the president of the corporation that executed this document on behalf of said corporation and acknowledged to me that said corporation executed the same and did subscribe and swear to the same before me and in my presence.

/s/_____

Notary Public in and
for the State of Idaho
Residing at Boise, Idaho
My Commission expires:
12–27–80

This Court stated that the verification requirement of I.C. § 45–507 goes beyond the general requirement that any document filed of record with the county recorder be acknowledged. The lien in that case contained a notice of claim, followed by certificates of the president of Treasure Valley and the notary public. The president's certificate stated that he had been sworn on oath and that he knew the contents of the notice of claim to be true and just. The notary public's certificate stated that the lien claimant did subscribe and swear to the same before the notary and in her presence. This Court upheld the validity of the lien, holding that the president's and the notary public's certificates, taken together, constituted a verification under I.C. § 45–507. *Id.* at 922, 684 P.2d at 324.

■ In this case, we need not reach the issue of whether Cornerstone's liens strictly or substantially comply with I.C. § 51–109(4). The claims of lien in this case do not contain any verification even remotely similar to that in *Treasure Valley*. Rather, Cornerstone asks us to declare that the words "duly sworn" at the beginning of the lien perform the same function as the statements in the president's certificate in *Treasure Valley*. Such a conclusion would effectively render the verification requirement of I.C. § 45–507 a nullity. The language of the claims of lien in this case is severely lacking with regard to the verification requirement. The claim in *Treasure Valley* specifically included a verification, executed by the president of the corporation, stating that he believed the contents of the lien to be *true and just*. Here, the claims executed by Harp state that Harp personally appeared before a notary, proved that he was who he said he was, and swore that he executed the document in his authorized capacity. The beginning of the claims state that Harp appeared, was duly sworn, and stated the contents of the liens. Such language does not fulfill the requirement of I.C. § 45–507 that the claims be "verified by the oath of the claimant ... to the effect that the affiant believes the same to be true and just." We hold that Cornerstone's claims of lien fail to even substantially comply with the requirements of I.C. § 45–507 and are therefore invalid.

We next address the district court's order vacating the magistrate's award of costs and attorney fees. The district court vacated that award based solely on its decision reversing the magistrate. Upon a review of the record, we note that the McReynolds were the prevailing party and the amount in controversy was less than $25,000. Therefore, an award of costs and attorney fees pursuant to I.C. § 12–120(1) was proper.

We conclude that no error has been shown in the magistrate's award of costs and fees to the McReynolds.

■ The McReynolds request costs and attorney fees on appeal pursuant to I.C. § 12–120(1). That section provides for a mandatory award of attorney fees to the prevailing party in a civil action where the amount pleaded is $25,000 or less. I.C. 12–120(1). Attorney fees may be awarded under this section for appellate, as well as trial work. *See Loftus v. Snake River School Dist.*, 130 Idaho 426, 429, 942 P.2d 550, 553 (1997). There is no question that the McReynolds are the prevailing party in this case. In addition, the record reveals that the claims brought by the Cornerstone entities totaled $15,257.52. Therefore, the requirements of I.C. § 12–120(1) are met, and we award the McReynolds costs and attorney fees on this appeal.

## IV.

### CONCLUSION

Based on our review of the applicable statutes and case law, we conclude that Cornerstone's liens are invalid for their failure to comply with the requirements of I.C. § 45–507. We also conclude that the record does not reveal an abuse of discretion by the magistrate in its award of costs and fees to the McReynolds. Therefore, we reverse the district court on intermediate appeal and affirm the magistrate's orders granting summary judgment and awarding costs and fees to the McReynolds. Costs and attorney fees on this appeal are awarded to the McReynolds.

Chief Judge SCHWARTZMAN and Judge LANSING, CONCUR.