**In re: JGC ENTERPRISES, LLC., Debtor.**

**Commercial Electric, Inc. and Turner Sand & Gravel, Inc., Appellants,**

v.

**JGC Enterprises, LLC.; Appellee,**

and

**Amresco Commercial Finance, Inc.; Norwest Bank Minnesota, National Association, Defendant–Intervenors–Appellees.**

In re JGC Enterprises, LLC., Debtor.

Commercial Electric, Inc., Appellant,

v.

JGC Enterprises, LLC, Appellee,

and

Amresco Commercial Finance, Inc.; Norwest Bank Minnesota, National Association, Defendant–Intervenors–Appellees.

Nos. 00–36002, 00–36009.

D.C. Nos. CV–99–6049–EJL, CV–00–0001–EJL, CV–00–0003–EJL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2002.

Decided June 24, 2002.

Before B. FLETCHER and GOULD, Circuit Judges, and MURGUIA,* District Judge.

## MEMORANDUM**

Appellants, and lien claimants, Turner Sand & Gravel, Inc. ("Turner") and Commercial Electric, Inc. ("Commercial"), appeal the district court's grant of summary judgment in favor of debtor JGC Enterprises, LLC ("JGC"). Specifically, appellants challenge the district court's decision that their liens are invalid for failure to comply with the verification requirements

---

* The Honorable Mary H. Murguia, District Court Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

of Idaho Code § 45–507. Alternatively, appellants contend that the voluntary dismissal of JGC's underlying bankruptcy proceeding restored their claims of lien by returning the parties to the status quo ante—the district court's previous grant of summary judgment notwithstanding.

We review the district court's decision on an appeal from a bankruptcy court *de novo.* *American Broad. Sys., Inc. v. Nugent (In re: Betacom of Phoenix, Inc., Debtor),* 240 F.3d 823, 827–28 (9th Cir. 2001).

We affirm for the reasons assigned.

Because the parties are familiar with the facts, we recite here only those necessary to explain our decision.

In early 1998, both Turner and Commercial entered into subcontracting agreements with Pond Construction, Inc., to which JGC was a third party beneficiary, and pursuant to which both performed work on real property owned by JGC. Neither appellant was paid for its labor and materials, and both eventually filed separate claims of lien in Idaho district court. Turner's principal claim totaled $9,794.95, and Commercial's principal claim totaled $83,677.40.

JGC subsequently filed a voluntary petition under Chapter 11 of the Bankruptcy Code and removed the state lawsuits to federal court as adversary proceedings. There, JGC filed a motion for summary judgment contending that neither lien complied with the verification requirements of Idaho Code § 45–507. The bankruptcy court agreed with JGC and granted its motion for summary judgment. Subsequently, JGC voluntarily dismissed its bankruptcy proceedings.

Idaho Code § 45–507(4) states that a claim of lien "must be verified by the oath of the claimant, his agent or attorney, to the effect that the affiant believes the same to be just."

Despite the seeming clarity of this statutory requirement, neither Turner's nor Commercial's lien contains any verification under oath that the claims are just—in fact, they do not contain any statement under oath whatsoever.

The argument advanced by appellants that the verification language of § 45–507(4) is not a material requirement of the statute is foreclosed by Idaho precedent. Most recently, in *Cornerstone Builders, Inc. v. McReynolds,* 136 Idaho 843, 41 P.3d 271, 273 (Idaho Ct.App.2001), the court discussed the "verification requirement of I.C. § 45–507." Claimants in that case filed claims of lien against the defendant after failing to be compensated for labor and materials. Those claims were presented using pre-printed forms that failed to comply with the terms of § 45–507(4), specifically, as in the case at bar, the claimants did not attest that the claims made were "just." *Cornerstone,* 41 P.3d at 273. Defendants moved to dismiss the claims on the ground that they failed to comply with the verification requirements of § 45–507. Claimants responded, as they do here, that the liens "must only substantially comply with I.C. § 45–507." *Id.* The court of appeals, reversing the district court, agreed with the defendants.

Relying in part on *Treasure Valley Plumbing and Heating, Inc. v. Earth Res. Co.,* 106 Idaho 920, 684 P.2d 322, 324 (1984) (noting that verification requirement of § 45–507 goes beyond mere requirement that document be "acknowledged"), the court in *Cornerstone* held that the mere statement of the claimant having appeared before a notary, and having sworn that he executed the document in his authorized capacity, was insufficient to satisfy § 45–507. *Id.* at 274 ("[s]uch language does not fulfill the requirement of

I.C. § 45–507 that the claims be 'verified by the oath of the claimant ... to the effect that the affiant believes the same to be [ ] just.' ").

In the case at bar, the liens at issue comply even less with the statutory requirements of § 45–507 in that they contain no claim that the affiant "duly swore" to the statements therein. *Id.* at 273.

Because both the unambiguous language of the statute, and Idaho precedent, make clear that appellants' liens are invalid, we affirm the district court's holding that the claims of lien are invalid for failure to comply with the verification requirements of § 45–507.

■ Appellants' contention that the summary judgment determinations of the bankruptcy court were rendered null and void upon the voluntary dismissal of the bankruptcy proceedings, causing an "automatic[ ] revival" of their liens, pursuant to 11 U.S.C. § 349(b),*** is without merit. Section 349(b) is irrelevant here, where neither the bankruptcy court nor the district court relied on any provision of the Bankruptcy Code, including § 349, in reaching their respective conclusions that the liens are legally inadequate.

Even were we to accept appellants' argument that the "underlying bankruptcy was a material factor in the Bankruptcy Court's decision to invalidate the lien claims," it is not the case that § 349 necessarily restores the parties to the position in respect to their property rights that they held at the commencement of the case. We have decided otherwise. In *Gardenhire v. Internal Revenue Service (In re Gardenhire)*, 209 F.3d 1145, 1152 (9th Cir.2000), we held:

> Although § 349 generally works to restore the parties to their pre-bankruptcy positions, it does so in very specific ways. *Section 349 refers to the specific Code provisions affected by dismissal* ... In other words, Congress clearly knew how to provide for the effect of a dismissal ....

(emphasis added). *See also Carraher v. Morgan Elecs., Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir.1992) (noting that the omission of an order from the list found at § 349 ordinarily means that dismissal does not affect the omitted order); 3 *Collier on Bankruptcy* ¶¶ 349.03[2] (15th ed.2002) ("dismissal does not always restore the prepetition status of property.... Nor will dismissal necessarily eliminate the collateral estoppel or res judicata effect a bankruptcy court decision made during the case would have in a later proceeding.").

Because it is clear that the decision of the bankruptcy court was based exclusively on Idaho state law, and failed altogether to rely on the provisions of § 349, specifically by not voiding the liens under § 506(d) of the Bankruptcy Code, we reject appellants' argument and affirm the

---

*** The Bankruptcy Code provides, at 11 U.S.C. § 349(b):

(b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under 742 of this title—

  (1) reinstates—

    (A) any proceeding or custodianship superseded under section 543 of this title;

    (B) any transfer avoided under section 522, 544 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and

    (C) any lien voided under section 506(d) of this title;

  (2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and

  (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

district court's grant of summary judgment in favor of JGC.

AFFIRMED