Filed 3/24/22  Mahmood v. Odinma CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| SALEEM MAHMOOD et al.,<br><br>    Plaintiffs, Cross-Defendants and Respondents,<br><br>v.<br><br>FRANCIS ODINMA et al.,<br><br>    Defendants, Cross-Complainants and Appellants. | A161704<br><br>(Alameda County<br>Super. Ct. No. RG19031783) |

Defendants/cross-complainants Francis and Carol Odinma (the Odinmas) appeal from a judgment in favor of plaintiffs/cross-defendants Saleem Mahmood and Yasmeen Fatima (the Mahmoods) after the trial court granted the Mahmoods' motion for judgment on the pleadings with regard to their complaint and the Odinmas' cross-complaint.  The court ruled the Odinmas' claims for judicial foreclosure and declaratory relief were barred by the doctrine of res judicata and the so-called "one action rule" (Code Civ. Proc., § 726)[1] due to a prior judgment entered against the Odinmas in an adversarial proceeding they filed in bankruptcy court against the Mahmoods' predecessors in interest.  We affirm.

---

[1]     Further statutory references are to the Code of Civil Procedure unless stated otherwise.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The allegations of the Odinmas' cross-complaint provide the background to the parties' dispute.  In 2004, the Odinmas allegedly extended a $100,000 loan to Luis and Cynthia Lorica (the Loricas) secured by a deed of trust (the 2004 DOT) against the Loricas' real property in Newark (the Newark property).  In 2006, the Odinmas again loaned money to the Loricas, who executed and delivered a second deed of trust in the amount of $180,000 against the Newark property (the 2006 DOT) to the Odinmas.  The Loricas allegedly defaulted on the loans.

In 2006, the Loricas allegedly sold the Newark property to Marilyn Bunquin for $900,000 but failed to pay off the 2004 DOT and 2006 DOT.  In connection with this sale, Bunquin obtained two secured loans in the total amount of $900,000, and the related deeds of trust were eventually assigned to Deutsche Bank National Trust (Deutsche Bank), which obtained title to the Newark property at a nonjudicial foreclosure sale in 2008 without paying off the 2004 DOT and 2006 DOT.  The Mahmoods purchased the Newark property from Deutsche Bank in 2010.

In 2019, the Mahmoods filed the instant lawsuit against the Odinmas and the Loricas to quiet title and for cancellation of the 2004 DOT and 2006 DOT, declaratory relief, and an accounting.  The Mahmoods alleged that they held fee title to the Newark property, and that the 2004 DOT and 2006 DOT were not valid and enforceable liens against the Newark property.

The Odinmas then filed the aforementioned cross-complaint against the Mahmoods, the Loricas, Deutsche Bank, and others.  In the first cause of action for foreclosure of deeds of trust, the Odinmas seek to judicially foreclose on the Newark property under the 2004 DOT and 2006 DOT.  In the

2

second cause of action for declaratory relief, the Odinmas allege there is an actual controversy regarding the validity, extent, and priority of their liens.

The Mahmoods demurred to the Odinmas' cross-complaint and moved to strike the cross-complaint's references to the 2004 DOT on the grounds that (1) the lien created by the 2004 DOT had already expired pursuant to Civil Code section 882.020, subdivision (a),[2] and (2) the Odinmas reconveyed the 2004 DOT to the Loricas in 2005, which extinguished the subject lien. The trial court sustained the demurrer to the first cause of action without leave to amend "as to the 2004 Odinma Deed of Trust only" and denied the motion to strike as moot.

## A. Motion for Judgment on the Pleadings

After answering the cross-complaint, the Mahmoods moved for judgment on the pleadings on the grounds that (1) their complaint stated causes of action sufficient for declaratory relief and cancellation of the 2004 DOT and 2006 DOT; (2) the Odinmas' answer did not state facts sufficient to constitute a defense; and (3) the Odinmas' cross-complaint did not state facts sufficient to constitute causes of action for judicial foreclosure of the 2006 DOT and declaratory relief. The Mahmoods reiterated their argument that the lien created by the 2004 DOT had expired, and they further contended that the Odinmas' claim for judicial foreclosure was barred by the one action

---

[2]     Civil Code section 882.020 provides in relevant part that a lien, deed of trust, or other instrument that creates a security interest in real property to secure a debt "expires at, and is not enforceable by action for foreclosure commenced, power of sale exercised, or any other means asserted after" the later of:  10 years after the final maturity date or last date fixed for payment, if ascertainable from the recorded evidence of indebtedness; 60 years after the recording of the instrument that created the security interest, if the final maturity date or last date fixed for payment is not so ascertainable; or 10 years after the timely recording of a notice of intent to preserve the security interest.

rule and the doctrine of res judicata due to a final judgment entered against them in an adversary proceeding in bankruptcy court. On the latter point, the trial court granted the Mahmoods' request for judicial notice of various records of the bankruptcy court.[3] The judicially-noticed records reflect the following facts.

In March 2008, the Loricas filed for chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of California, case No. 08-41513. In their bankruptcy schedules, the Loricas listed an equitable interest in the Newark property and identified the Odinmas as secured creditors.

In May 2008, the Odinmas filed an adversary proceeding, No. 08-4124 (the 4124 proceeding), against the Loricas in the bankruptcy court. In their complaint, the Odinmas alleged they made several loans to the Loricas totaling $540,000 (including the loans secured by the 2004 DOT and 2006 DOT). The Odinmas sought a determination that these debts were nondischargeable under title 11 United States Code section 523(a)(2)(A) and (6) because the loans were obtained under false pretenses and for willful and malicious injury. The Odinmas further sought a "judgment entered against [the Loricas] in the amounts according to proof as set forth in this

---

[3] Although neither party seeks judicial notice of these records on appeal, we are required to take judicial notice of matters properly noticed by the trial court below, and we therefore do so sua sponte. (Evid. Code, § 459, subd. (a).) We conclude the trial court properly took judicial notice of the bankruptcy court records in the Mahmoods' initial and supplemental requests. (*Id.*, § 452, subd. (d).) In addition to taking judicial notice of the existence of said records, we take notice of facts that can be deduced or clearly derived from their legal effect, such as names and dates contained therein, and the legal consequences of said documents. (*Julian Volunteer Fire Co. Assn. v. Julian-Cuyamaca Fire Protection Dist.* (2021) 62 Cal.App.5th 583, 600.) However, we deny the Mahmoods' request on appeal for judicial notice of certain postjudgment bankruptcy court records.

complaint[.]" The Loricas filed a counterclaim against the Odinmas in the 4124 proceeding, alleging in relevant part that they repaid the Odinmas far in excess of the total amounts of the loans.

In early 2010, the bankruptcy court held a trial in the 4124 proceeding and entered judgment against the Odinmas. The judgment stated in relevant part: "A trial in the above-entitled adversary proceeding came on February 9, 2010 . . . . The Court, after considering the testimony of both Plaintiffs and . . . having stated the Court's Factual Findings and Conclusions of Law on the record and good cause appearing therefore: [¶] **JUDGMENT** is hereby entered in favor of the Defendants and against the Plaintiffs and the Plaintiff shall take nothing from this Complaint."

Meanwhile, the Loricas obtained a discharge in the main bankruptcy case. However, the United States Trustee later filed an adversary proceeding, No. 09-0472 (the 0472 proceeding), to revoke the discharge. The matter was resolved in August 2010 after the United States Trustee and the Loricas entered into a "Stipulation to Revoke Discharge and Entry of Judgment Thereon." According to the stipulation, the United States Trustee sought revocation of the Loricas' bankruptcy discharge under title 11 United States Code section 727(e) on the grounds that the Loricas fraudulently and intentionally failed to disclose certain assets and transfers of real estate and transferred fractional interests in real property to relatives to defraud creditors. The parties entered into the stipulation to avoid the time and expense of litigation "and in order [to] resolve the above-captioned adversary proceeding."[4] The Loricas agreed that "any debts existing at the time their petition was filed on March 31, 2008 are forever non-dischargeable in

---

[4]     The caption listed only the main bankruptcy case, No. 08-41513, and the 4272 proceeding filed by the United States Trustee.

bankruptcy." Based upon the stipulation, the bankruptcy court entered judgment revoking the Loricas' discharge.

**B. Trial Court's Ruling**

The trial court granted the Mahmoods' motion for judgment on the pleadings. In its order, the court first reiterated its demurrer ruling that "the 2004 Odinma Deed of Trust is expired under [Civil Code] section 882.020 in light of its 2006 maturity date, and the action being brought more than ten years after that date. [Citation.] The Court also found that the Odinmas had already made a judicial admission that the 2004 Odinma Deed of Trust has already been reconveyed, extinguishing the lien."[5]

As to the 2006 DOT, the trial court found that the judgment in the 4124 proceeding that the Odinmas " 'shall take nothing from this Complaint' " was a final binding judgment that the Odinmas were owed nothing from the Loricas for their alleged loans, and accordingly, the Odinmas could not show an underlying debt to enforce the 2006 DOT. Accordingly, "[i]n light of the one action rule and the principles of res judicata as to the 2006 Odinma Deed of Trust, as well as the Court's previous findings as to the unenforceability of the 2004 Odinma Deed of Trust," the trial court granted the Mahmoods' motion for judgment on the pleadings on the Odinmas' first cause of action for judicial foreclosure.

As to the parties' competing claims for declaratory relief, the trial court found that the Odinmas "have no valid security interest in the [Newark] Property, and no right to foreclose upon, sell, acquire, or engage in any transaction that adversely affects the title, estates, interest, liens or rights of

---

[5]    In their amended complaint in the 4124 proceeding, the Odinmas had expressly alleged that they reconveyed the 2004 DOT to the Loricas in 2005 "as a favor."

Plaintiffs in or to the Property." For the same reasons, the court granted judgment on the pleadings in favor of the Mahmoods on their claims for cancellation of the 2004 DOT and 2006 DOT.

The Odinmas appealed from the ensuing judgment.

<strong>DISCUSSION</strong>

"A motion for judgment on the pleadings is equivalent to a demurrer. [Citation.] As with a demurrer, a court ruling on such a motion is tasked with evaluating whether the 'complaint . . . state[s] facts sufficient to constitute a cause of action' [citation], and in that task, may only look to 'the face of the complaint' and 'facts capable of judicial notice' and must accept as true all of the complaint's factual allegations [citation]." (*Hart v. Darwish* (2017) 12 Cal.App.5th 218, 224.) Courts "may properly take judicial notice of a party's earlier pleadings and positions as well as established facts from both the same case *and other cases*. [Citations.] The complaint should be read as containing the judicially noticeable facts, 'even when the pleading contains an express allegation to the contrary.' " (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 877.) We review the granting of a motion for judgment on the pleadings de novo. (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777.)

"There are some differences between a motion for judgment on the pleadings and a demurrer. Unlike a demurrer, a plaintiff may move for judgment on the pleadings on the ground 'that the complaint states facts sufficient to constitute a cause or causes of action against the defendant and the answer does not state facts sufficient to constitute a defense to the complaint.' [Citations.] Where a plaintiff brings such a motion, we assume the defendant could have proven all of the factual allegations in its answer. [Citation.] 'The issue is whether the [pleading] raises an issue that can be

7

resolved as a matter of law.' " (*Alameda County Waste Management Authority v. Waste Connections US, Inc.* (2021) 67 Cal.App.5th 1162, 1174.)

## A. The 2004 DOT

We first observe that the Odinmas raise no cogent argument challenging the trial court's ruling, based on its prior demurrer ruling, that the Odinmas failed to state a cause of action as to the 2004 DOT because that security instrument expired by operation of Civil Code section 882.020, subdivision (a).[6] Accordingly, any claim of error as to the trial court's ruling on the 2004 DOT is deemed abandoned. (See *Bonadiman-McCain, Inc. v. Snow* (1960) 183 Cal.App.2d 58, 65.)

## B. The 2006 DOT

As for the 2006 DOT, the Odinmas contend the trial court erred in giving res judicata effect to the judgment in the 4124 bankruptcy proceeding.

Res judicata is "an umbrella term" that encompasses both claim preclusion and issue preclusion. (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 823–824.) Claim preclusion bars claims that were, or should have been, advanced in a previous suit involving the same parties, while issue preclusion (or collateral estoppel) precludes parties and their privies from relitigating issues that were actually decided on the merits in a prior suit. (*Id.* at p. 824.) The elements of collateral estoppel are: (1) final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the

---

[6] In an apparent attempt to challenge the trial court's additional finding that they judicially admitted reconveying the 2004 DOT to the Loricas in 2005, the Odinmas contend "[t]he reconveyance attached to the adversarial complaint was not notarized and was not recorded; therefore, is not enforceable." However, the expiration of the 2004 DOT under Civil Code section 882.020, subdivision (a), was an independent—and unchallenged— basis for the trial court's ruling.

8

first suit or one in privity with that party. (*Id.* at p. 825.) A bankruptcy court judgment is final for purposes of res judicata unless reversed on appeal or modified or set aside by the bankruptcy court. (*Levy v. Cohen* (1977) 19 Cal.3d 165, 172; *Nathanson v. Hecker* (2002) 99 Cal.App.4th 1158, 1163 (*Nathanson*).)

The Odinmas argue the trial court incorrectly applied the elements of res judicata because their cross-complaint for judicial foreclosure did not involve the same cause of action as the 4124 proceeding seeking nondischargeability of debts due to the Loricas' fraud. The Mahmoods respond that the trial court's ruling was properly based on the issue preclusion aspect of res judicata, as both the 4124 proceeding and the instant matter involve the identical issue of "whether the Odinmas were owed money by the Loricas," and this issue was actually litigated against the Odinmas when the bankruptcy court held a trial and entered a take-nothing judgment against them. We agree with the Mahmoods.

An adversary proceeding under title 11 United States Code section 523 allows creditors to obtain exceptions to discharge for certain debts. At issue in the 4124 proceeding was whether the debts secured by the 2006 DOT were nondischargeable because the loans were obtained by "false pretenses, a false representation, or actual fraud" (11 U.S.C. § 523, subd. (a)(2)(A)) and/or "for willful and malicious injury" (*id.*, subd. (a)(6)). In determining the nondischargeability of a debt, the bankruptcy court applies a two-step process: first, a debt must be established; second, the court must separately review the character of the debt to determine if it fits into a statutory exception to discharge. (*Winn v. Holdaway (In re Holdaway)* (Bankr. S.D. Tex. 2008) 388 B.R. 767, 784 (*Holdaway*); see *Katchen v. Landy* (1966) 382 U.S. 323, 329 [power to allow or to disallow claims includes full power to

9

inquire into validity of any alleged debt or obligation upon which claim against estate is based].)  A bankruptcy court also has jurisdiction in a nondischargeability action to enter a money judgment.  (*Cowen v. Kennedy (In re Kennedy)* (9th Cir. 1997) 108 F.3d 1015, 1017–1018.)

Here, the judicially-noticed records from the Loricas' bankruptcy proceedings are limited, but telling.[7]  In their amended complaint, the Odinmas sought not only a determination of nondischargeability of the alleged debts, but a judgment of recovery of those debts, including the amounts secured by the 2006 DOT.  For their part, the Loricas admitted they borrowed a total of $720,000 from the Odinmas but alleged they had repaid the Odinmas approximately $902,481, which included payment of a usurious rate of interest in excess of the total loan amount.  The docket in the 4124 proceeding indicates that a trial was held, the Odinmas testified as witnesses, the parties' exhibits were admitted, and the bankruptcy court made findings on the record before entering a take-nothing judgment against the Odinmas.

As the bankruptcy records establish, there was a final adjudication in the 4124 proceeding that necessarily involved adjudication of the identical issue pertinent here—namely, the existence of debts secured by the 2006 DOT.  Indeed, the bankruptcy court was required to make the first-step determination of whether a debt was established before and in order to determine whether it was dischargeable.  (*Holdaway*, *supra*, 388 B.R. at p. 784.)  Critically, the court entered a take-nothing judgment against the Odinmas without including an additional determination that any alleged

---

[7]     The relevant records include the Odinmas' amended complaint, the Loricas' counterclaim, the bankruptcy court docket, and the judgment.  The record on appeal does not include the trial briefs or a transcript of the trial.

10

debts were discharged. (Cf. *Freeman v. Frick (In re Frick)* (Bankr. N.D.Fla. 1997) 207 B.R. 731, 738 [where debt to creditors was unquestioned and court did not find debtor liable for fraud or defalcation while acting as fiduciary, court's take-nothing judgment also ordered discharge of the debt].) Finally, collateral estoppel is appropriately asserted against the Odinmas, as they were parties to the prior suit.

The Odinmas do not dispute the application of the elements of collateral estoppel. Instead, they attempt to avoid the preclusive effect of the judgment in the 4124 proceeding by contending the revocation of the Loricas' discharge in the main bankruptcy case had the effect of striking the 4124 judgment as if it never happened. In so arguing, the Odinmas seize on the stipulation's language that "any debts existing at the time [the Loricas'] petition was filed on March 31, 2008 are forever non-dischargeable in bankruptcy." We are not persuaded, however, as adversary proceedings in bankruptcy "generally are viewed as 'stand-alone lawsuits,' and final judgments issued in adversary proceedings are usually appealable as if the dispute had arisen outside of bankruptcy." (*Dzikowski v. Boomer's Sport's & Rec. Ctr. (In re Boca Arena, Inc.)* (11th Cir. 1999) 184 F.3d 1285, 1286.) The Odinmas cite no authority holding that revocation of a bankruptcy discharge necessarily vacates a prior judgment entered in a " 'stand-alone' " adversary proceeding.

Indeed, orders and judgments in adversary proceedings brought under title 11 United States Code section 523 are not listed among the matters vacated by the dismissal of a bankruptcy case. (11 U.S.C. § 349(b)(2) [listing 11 U.S.C. §§ 522(i)(1), 542, 550 and 553]; see *Carraher v. Morgan Elecs., Inc. (In re Carraher)* (9th Cir. 1992) 971 F.2d 327, 328 [omission of order from list found at 11 U.S.C. § 349 ordinarily means dismissal does not affect omitted

11

order].)  Accordingly, in *Commer. Elec., Inc. v. JGC Enters., LLC (In re JGC Enters., LLC)* (9th Cir. 2002) 40 Fed.Appx. 561, the United States Court of Appeals for the Ninth Circuit rejected an argument by lien claimants that the voluntary dismissal of the underlying bankruptcy case "rendered null and void" a prior summary judgment determination that their liens were invalid due to a procedural defect, or otherwise caused an " 'automatic[] revival' of their liens[.]" (*Id.* at p. 564.)  "[I]t is not the case that [title 11 United States Code section] 349 necessarily restores the parties to the position in respect to their property rights that they held at the commencement of the case." (*Ibid.*)  Likewise, the Loricas' stipulated revocation of the discharge in the main bankruptcy case did not render the judgment in the 4124 proceeding null and void or automatically revive the Odinmas' lien based on the 2006 DOT.

*Idell v. Goodman* (1990) 224 Cal.App.3d 262 (*Idell*) does not assist the Odinmas.  There, a debtor brought a malicious prosecution action against creditors based on their filing of an adversary proceeding in bankruptcy court under title 11 United States Code section 727.  *Idell* held that the debtor failed to state a cause of action for malicious prosecution because there is no tort in California for "malicious defense," and an adversary proceeding under title 11 United States Code section 727 did not seek affirmative relief, but rather, was a defensive pleading, the sole purpose of which was to preserve the status quo as it existed before bankruptcy proceedings had commenced. (*Idell*, at p. 268.)

*Idell* is distinguishable on multiple fronts.  First, its rationale was uniquely premised on the absence of a tort in California for malicious defense; the decision simply did not address the collateral estoppel effect of an adversary proceeding judgment in a subsequent state court suit.  (Cf. *Nathanson*, *supra*, 99 Cal.App.4th at p. 1165 [bankruptcy court order

12

partially allowing creditor's claim was res judicata in debtor's state court action].)  Second, *Idell* involved an adversary proceeding under title 11 United States Code section 727, which is a claim for the complete denial of a discharge, while a claim under title 11 United States Code section 523 is that a debt specifically owing to the creditor is excepted from the bankruptcy discharge.  (*Bankruptcy Receivables Mgmt. v. De Armond (In re De Armond)* (Bankr. C.D.Cal. 1999) 240 B.R. 51, 54.)  Here, the Odinmas brought an adversary proceeding under title 11 United States Code section 523, and their claim for an exception to discharge was not merely defensive, as they sought a judgment against the Loricas in the amounts of the defaulted loans.

Relying on *Mirzai v. Kolbe Foods, Inc. (In re Mirzai)* (C.D. Cal. 2001) 271 B.R. 647 (*Mirzai*), the Odinmas further contend that where the main bankruptcy case is dismissed before finality, the court cannot give res judicata effect to the case.  But *Mirzai* is distinguishable because it held that the denial of a creditor's proof of claim was due to the creditor's suspended corporate status, which was a "procedural disallowance" and "not a judgment on the merits of the claim and should not be entitled to a preclusive effect." (*Mirzai*, at p. 654.)  Here, the Odinmas fail to demonstrate that their claims in the 4124 proceeding were denied on procedural grounds; rather, the record shows that the bankruptcy court conducted a trial, considered oral and written testimony, and made factual and legal findings before entering the take-nothing judgment against the Odinmas.  (See *Nathanson*, *supra*, 99 Cal.App.4th at p. 1163, fn. 2 [distinguishing *Mirzai*].)

For all of these reasons, we conclude the judgment in the 4124 proceeding bars the Odinmas from relitigating the issue of the existence of a debt secured by the 2006 DOT.  Accordingly, the Odinmas cannot state a

13

claim for judicial foreclosure or declaratory relief based on the 2006 DOT, and judgment on the pleadings was properly granted.[8]

## DISPOSITION

The judgment is affirmed. The Mahmoods are entitled to their costs on appeal.

---

[8] Having reached this conclusion, we need not address the Mahmoods' additional contention that the trial court properly granted judgment on the pleadings based on the security-first aspect of section 726.

_____

Fujisaki, J.

WE CONCUR:

_____

Tucher, P. J.

_____

Petrou, J.

A161704